FLORENCE M. SHERRY *vs.* STEPHEN S. LITTLEFIELD, administrator, (afterwards RUFUS L. KENNEDY, administrator.)

Essex.    November 19, 22, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Auditor's report, Framing issues. *Rules of Court. Contract,* What constitutes. *Husband and Wife. Parent and Child. Infant,* Emancipation.

Under Rule 31 of the Superior Court, which provides that, "On the coming in of the auditor's report, either party may move for entry of judgment according to said report; and the court, thereupon, shall order such judgment to be entered, unless, within a time stated, cause appears or is shown to the contrary," if the party in whose favor the auditor decided moves for judgment on the report and the party against whom the auditor decided offers oral evidence, other than and different from what he was able to procure for the hearing before the auditor, to controvert the finding of the auditor, it is right for the trial judge to rule that the oral evidence offered is cause to stay the entering of judgment on the auditor's report and to overrule the motion.

Under the provisions of Rule 31 of the Superior Court, that, if cause appears to be shown why judgment should not be entered according to an auditor's report, "the court may hear the parties and frame appropriate issues for the court or jury, upon which the trial shall be had," a trial judge, in a case where the issue is a narrow one and is made perfectly clear by the pleadings, properly may refuse to frame issues to be tried before him.

In an action by a daughter against the administrator of the estate of her mother for services rendered for care and nursing of and housekeeping for the plaintiff's mother, where an auditor has made a report in favor of the defendant, if the plaintiff introduces oral evidence of an express promise of the plaintiff's mother to pay the plaintiff a reasonable compensation for her services, this warrants the trial judge in finding that the oral testimony introduced by the plaintiff outweighs the adverse effect of the auditor's report, and in refusing to rule that the plaintiff cannot recover.

In the action above described, where the trial judge, at the defendant's request, ruled that the presumption was that the plaintiff's services were gratuitous and that the burden was upon her to overcome that presumption, and also ruled that the plaintiff could prevail only by showing that it was understood both by her mother and herself that she should be paid for her services, it was *held,* that these rulings were sufficiently favorable to the defendant.

In the same case there was testimony to the effect that a direct promise was made by the defendant's intestate to the plaintiff to pay her for her services, and it was *held* that, under the rulings quoted above, there was evidence sufficient to warrant a finding for the plaintiff.

In the same case it was *held* that, although when the services were rendered the defendant's intestate was living with her husband, whose duty it was to provide her with the kind of services rendered by the plaintiff, yet the intestate nevertheless might bind her separate estate to pay the plaintiff for such services.

In the case above described it appeared that at the beginning of her period of service for her mother the plaintiff was a minor, but it also appeared that the plaintiff previously had worked away from home and apparently had received her own wages and had saved something, which she deposited in a savings bank in her own name. The trial judge refused to rule, that "Upon all the evidence, the plaintiff was never emancipated from the home of her parents." *Held*, that the refusal of the judge was right, and that on this and other evidence it might have been found that in regard to her services rendered to her mother she had been emancipated and was entitled to compensation for her services in her own name.

In the same case the judge refused to make a ruling that "during a part of the time when the services alleged were rendered by the plaintiff she was a minor." *Held*, that the request for this ruling appeared to be a request for a finding of fact; but it was *said*, that, if this should be treated as a request for a ruling, that the plaintiff could not recover for the part of her services rendered during her minority, it was refused rightly.

CONTRACT against the administrator of the estate of Mary B. Welch, late of Danvers, who was the mother of the plaintiff, alleging that the defendant's intestate induced the plaintiff to give up her usual and customary employment and to work for the intestate as housekeeper and nurse and promised to pay the plaintiff and to recompense her, according to an account annexed. Writ dated February 18, 1915.

In the Superior Court the case was tried before *Quinn, J.,* upon an auditor's report and oral evidence, as described in the opinion with the rulings of the judge thereon. At the close of the evidence the defendant asked the judge to make nine rulings. The judge made the sixth and seventh rulings thus requested. They were as follows:

"6. The presumption is that the services rendered by the plaintiff were gratuitous, and the burden is upon the plaintiff to rebut that presumption by evidence.

"7. Under the circumstances disclosed by the evidence, the plaintiff cannot recover unless she shows that, at the time she rendered the services for which she claims compensation, it was

understood both by herself and her mother that she should be paid for them."

The other rulings requested by the defendant were as follows:

"1. Upon all the evidence, the plaintiff is not entitled to recover.

"2. Upon all the evidence, there must be a finding for the defendant.

"3. Upon all the evidence, the plaintiff was never emancipated from the home of her parents.

"4. Upon all the evidence, the plaintiff never performed any services for her mother, Mary B. Welch, different or distinct from those services usually performed by a daughter in the home of her parents.

"5. Upon all the evidence, during a part of the time when the services alleged were rendered by the plaintiff she was a minor."

"8. Upon all the evidence, there was no understanding or arrangement between the plaintiff and her mother, either at the time she began to render the services or during the period of their rendition, that she should receive pay for them.

"9. Upon all the evidence, the relationship between the plaintiff and her mother, Mary B. Welch, was that of daughter and mother and not mistress and servant."

The judge refused to make any of these rulings and found for the plaintiff in the sum of $350. The defendant excepted.

The last paragraph of Rule 31 of the Superior Court, 1915, is as follows: "On the coming in of the auditor's report, either party may move for entry of judgment according to said report; and the court, thereupon, shall order such judgment to be entered, unless, within a time stated, cause appears or is shown to the contrary. If cause appears or is shown, the court may hear the parties and frame appropriate issues for the court or jury, upon which the trial shall be had."

*H. J. Cole,* for the defendant.

*C. R. O'Connell, B. J. Killion & C. Toye,* for the plaintiff, submitted a brief.

RUGG, C. J. This is an action of contract by a daughter to recover compensation for services rendered for care, nursing and housekeeping from the estate of her deceased mother. The case was sent to an auditor, whose report was in favor of the defendant. The defendant moved for judgment in accordance with the audi-

tor's report. "The counsel for the plaintiff objected and stated to the court that he had material testimony present, other and different from what he was able to secure at the hearing before the auditor, and that he desired the court to hear such testimony. The court thereupon stated that it would hear such testimony that either side might desire to introduce, and ruled that such evidence as the plaintiff's counsel proposed to introduce would be cause to stay the entering of judgment on the auditor's report and overruled the defendant's motion."

In this there was no error. The defendant relies upon Rule 31 of the Superior Court, 1915. The judge correctly ruled that he would hear the evidence. He could not properly have denied the plaintiff a right to present her evidence to him under all the circumstances or have refused to hear and decide the case upon all the evidence. R. L. c. 165, § 55, as amended by St. 1914, c. 576, § 2. The auditor's report was only *prima facie* evidence. While, if it is uncontrolled by evidence, a finding may be required according to its findings, *Wakefield* v. *American Surety Co. of New York,* 209 Mass. 173, such finding cannot be ordered on the report alone when there is other evidence in conflict with it. Rule 31 of the Superior Court was before this court in *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, where it is quoted and some of the limitations to which it is inherently subject were discussed. The proffer of evidence by the plaintiff in the case at bar was cause shown for hearing the parties within the meaning of that rule.

There was no error in the omission or refusal by the judge to frame issues to be tried by himself. The issue was a narrow one and was made perfectly clear by the pleadings. That part of the rule does not apply under the circumstances here disclosed.

The oral testimony introduced by the plaintiff before the judge might have been found sufficient to outweigh the adverse effect of the auditor's report. Taken at its face value it amounted to an express promise by the defendant's intestate to pay to this plaintiff reasonable compensation for her services.

There was no error of law in the refusal of the defendant's requests for rulings. It was sufficiently favorable to the defendant to rule that the presumption was that the plaintiff's services were gratuitous and that the burden was upon her to overcome that presumption. A further ruling was made that the plaintiff could

prevail only by showing that it was understood both by her mother and herself that she should be paid for her services.

There was evidence sufficient to support a finding for the plaintiff under these rulings. There was testimony to the effect that there was a direct promise by the defendant's intestate made to the plaintiff to pay her.

Although the intestate was a married woman living with her husband, whose duty it was to provide her with the kind of service rendered by the plaintiff, she nevertheless might bind her separate estate therefor. *Charron* v. *Day*, 228 Mass. 305.

The plaintiff was a minor at the beginning of her period of service. She previously had worked away from home and apparently had received her own wages and had saved something, which she had deposited in the savings bank in her own name. This with the other evidence was sufficient to warrant the inference that, so far as concerned this matter, she had been emancipated and was entitled to maintain an action in her own name.

The fifth request for a ruling, to the effect that the plaintiff was a minor during a part of the time for which the plaintiff sought to recover, was a request for a finding of fact rather than a ruling of law, but if treated as sufficiently amplified to constitute a request for a ruling that she could not recover for services during minority, it was refused rightly. *Wood* v. *Corcoran*, 1 Allen, 405. *McCarthy* v. *Boston & Lowell Railroad*, 148 Mass. 550.

*Exceptions overruled.*