EDMUND W. WHEELER & another *vs.* GREGORIO TARULLO.

GREGORIO TARULLO *vs.* EDMUND W. WHEELER & another.

Worcester.    October 21, 1920. — January 15, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Auditor, Judgment according to auditor's report, Jury issue. *Judgment. Jury and Jurors.*

Interpretation by JENNEY, J., of Rule 31 of the Superior Court (1915) as to ordering of judgment according to a report of an auditor.

A building contractor brought an action against the owner of certain land upon which he had constructed a building, the declaration being upon an account annexed containing an item of $1,210 for a balance alleged to be due on a contract in writing for the building and other items for extras. The owner also brought an action against the contractor for damages arising from alleged breaches of the contract. Each plaintiff claimed a trial by jury in his action. The two actions were referred to and heard together by an auditor, who found in substance that the contractor had not substantially performed the contract, and therefore that he could not recover on the $1,210 item, but that he could recover a certain amount for the extras; that, while the alterations necessary to make the building conform entirely to the contract would involve an expense of between $2,000 and $3,000, the results obtained would be so disproportionate to this cost that it would not be feasible or reasonable to make such alterations, although in certain respects changes could be made which would be feasible; that the owner had been damaged by the breaches of the contract by the contractor to the amount of $1,000, and that, since the sum was less than the unpaid balance called for by the contract, he found for the defendant in the action of the owner against the contractor. Upon the coming in of the report, under Rule 31 of the Superior Court (1915), the owner in his action moved that an issue be framed for a jury as to what "it would cost to supply the omitted work and materials and make such changes and alterations as might be necessary to make the building conform to the contract," and stated that he expected to show that such cost would be approximately $2,100; and the contractor moved in both actions for judgments according to the auditor's report. A judge of the Superior Court denied the owner's motion for a jury issue, stating as the ground for denial that, even if the facts were found as the owner contended, he would not be entitled to damages. The motions of the contractor were allowed. The owner alleged exceptions. *Held,* that

(1) The exceptions to the denial of the owner's motion for an issue for a jury must be overruled, even though the reason given for the denial were incorrect, since the disposition of the motion was discretionary with the judge and he could not be compelled to single out and to emphasize as an issue only one of the questions of fact involved in the action;

(2) *It seems*, that, if the owner had relied on his right to a trial by jury as an objection to the granting of the motions for judgment under Rule 31 of the Superior Court (1915), the motions could not properly have been granted;

(3) The owner's motion for the submission to a jury of an issue upon one only of the questions involved in his action was not an insistence nor a reliance on his right to a trial by jury, duly claimed;

(4) Since neither party persisted in or relied on his right to a jury trial, duly claimed, and did not ask that either action be heard by a judge without a jury, proper cases were presented for disposition on motions under Rule 31 of the Superior Court (1915) for judgments according to the auditor's report;

(5) In the contractor's action, the auditor's finding for the plaintiff for the amount claimed for extras was clear and definite and judgment properly was ordered for that amount;

(6) In the owner's action, the auditor's findings in effect assessing the damages suffered by the owner in a sum less than the unpaid balance called for by the contract, and therefore his finding for the defendant, was warranted by his other findings and warranted an order of judgment for the defendant.

CONTRACT by a firm of building contractors against the owner of land upon which the plaintiffs had constructed a house, upon an account annexed for $1,362.10 and interest for "labor performed and materials furnished," the first item of the account being for "balance due on house" being erected upon the defendant's land, $1,210, and other items being for specific items of extras. Writ dated January 29, 1917; also an action of

CONTRACT by the defendant in the first action against the plaintiffs therein for damages arising from breaches of the contract under which the building contractors undertook to build the house in question. Writ dated February 14, 1917.

In both actions, the plaintiffs by indorsement on the writs claimed trial by jury.

In the Superior Court, the actions were referred to the same auditor, by whom they were heard together. Material findings by the auditor, a motion by Tarullo for a jury issue, and motions by the Wheelers for judgments according to the auditor's report are described in the opinion. The motions were heard by *Hammond*, J., who denied the motion for a jury issue and allowed the motions for judgment; and Tarullo alleged exceptions.

The cases were submitted on briefs.

*M. A. Scanlon*, for Tarullo.

*A. G. Buttrick, O. L. Stone & W. S. Duncan*, for the Wheelers.

JENNEY, J. The bill of exceptions succinctly states the cases

substantially as follows: These are cross actions on a written agreement for the construction of a building in accordance with certain plans and specifications. In the case in which the Wheelers are plaintiffs, they seek in an action on the contract to recover a balance unpaid thereon and for work and materials not included therein. In the action brought by Tarullo damages are claimed for breach of the same contract. The cases have been heard together by an auditor, who found that the Wheelers did not substantially perform the contract and that the building as constructed by them contained many deviations and omissions from the specifications, which are set forth in detail in his report. It is found also that the Wheelers are not entitled to recover upon the contract, but that they can recover for certain work performed and materials furnished by them and not included therein. In the case in which Tarullo is plaintiff, the auditor found for the defendants.

On the coming in of the auditor's report, Tarullo moved that an issue be framed for trial by jury in his action against the Wheelers as to what "it would cost to supply the omitted work and materials and make such changes and alterations as might be necessary to make the building conform to the contract, and stated . . . [he] expected to show it would cost approximately $2,100." This motion was denied, the court ruling "that even if that were the fact upon the other facts found by the auditor . . . Tarullo is not entitled to recover . . . damages." The Wheelers moved in each case that judgment be entered in accordance with the report of the auditor. On these motions it was ordered that judgments be so entered. Exceptions were taken by Tarullo to the denial of his motion, to the ruling made thereon, and to the orders for judgment.

The cases were heard together on the motions for judgment and the motion for framing an issue for trial by jury, and not upon the merits, in which case the auditor's report would have been *prima facie* evidence under R. L. c. 165, § 55, upon such matters as were expressly referred to him.

The judge acted under the authority purporting to be vested in him under Rule 31 of the common law rules of the Superior Court (1915), the material portions of which are: "On the coming in of the auditor's report, either party may move for entry of

judgment according to said report; and the court, thereupon, shall order such judgment to be entered, unless, within a time stated, cause appears or is shown to the contrary. If cause appears or is shown, the court may hear the parties and frame appropriate issues for the court or jury, upon which the trial shall be had."

The quoted provision was considered in *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, where it was held that this rule does not take away the right of trial by jury "seasonably claimed" and "insisted on," where there is a real issue of fact to be tried. If Tarullo had relied upon his right to a trial by jury as an objection to the granting of the motions for judgment, they could not properly have been allowed. He neither asked for the framing of such issues as were necessary for a trial on the questions involved, nor claimed that he was entitled to such trial upon the facts, except such as were pertinent to the question stated in his motion. This was not an insistence and reliance on his right of trial by jury. The provision of the rule as to the framing of issues is not mandatory, but is addressed to the sound discretion of the court which in this case was properly exercised. A judge cannot be compelled to single out and emphasize one of several factual questions and thus direct specific attention to it. *Sherry* v. *Littlefield,* 232 Mass. 220. St. 1913, c. 716, § 2. The exception to the denial of this motion must be overruled. The ruling made as a reason for this action, even if incorrect, is not reversible error, as it is immaterial. The exception thereto cannot be sustained. *Jennings* v. *Puffer,* 203 Mass. 534. *Young* v. *Duncan,* 218 Mass. 346, 351. *Hotchkin* v. *Third National Bank of Syracuse,* 219 Mass. 234, 237.

When a party does not persist in or rely upon his seasonably claimed right to a jury trial, or, waiving that claim, does not ask that the case be heard by a judge, a proper case is presented for disposition on a motion for judgment upon an auditor's report. Such procedure does not impair the constitutional right to a trial by jury. *Farnham* v. *Lenox Motor Car Co., supra.*

The construction and effect of the rule must next be considered. The hearing upon such motion for judgment is not the equivalent of a trial although there may be a resultant judgment. Action under the rule is limited to the entry of judgment "according to . . . [the] report." The rule does not provide for a trial in which

the report may be admitted in evidence and in which other evidence may be introduced. It is confined to cases where, for some sufficient reason, there is to be no trial by jury or by the court. Not only is the authority of the rule restricted to a judgment in accordance with the report, but favorable action upon a motion signifies that there is to be no trial as such. When the decision of a motion involves issuable facts, they are not determined by the same procedure as in the trial of an action. Rule 24 of the Superior Court (1915). *Borley* v. *Allison*, 181 Mass. 246. The hearing of a case upon a motion implies summary action upon some question arising during its pendency without the necessity of placing the case in order for trial; and while the decision of the motion may result in a final judgment, such termination follows because the case is ripe for final action without a trial on the merits, unless one has already been had. Doubtless there may be exceptions to this general statement arising by agreement of parties, by statute, or by rule of court; but this is its ordinary signification. *Matter of Petition of Jetter*, 78 N. Y. 601, 605. *Burner* v. *Hevener*, 34 W. Va. 774, 781. *Illinois Central Railroad* v. *Adams*, 180 U. S. 28.

In order to enter judgment upon and in accordance with an auditor's report within the terms of the rule under consideration, the report must require "a judgment in accordance with its findings of facts," and no judgment can be ordered if "taking all the facts found both primary and subsidiary the report is reasonably susceptible of more than one inference." *Barrell* v. *Paine*, 236 Mass. 157. *Wakefield* v. *American Surety Co.* 209 Mass. 173. If more than one inference can be drawn, and if the report is so phrased that upon the trial of the case with the auditor's report as the only evidence a verdict could not be directed, then judgment cannot be entered on the report on a motion under this rule, and cause appears for denial of the motion. The rule does not create a new method of setting down cases for trial, or a trial with evidence limited to one document; but applies to cases where judgment can be ordered "according" to the report. That word implies that judgment must be founded on the terms of the report and must follow therefrom without the determination of which of two or more possible results may follow because of some finding by the court based thereon.

It is well settled that an auditor's report may be so drawn that the effect of its general findings may be open for consideration in connection with the subsidiary findings of subordinate facts or with the report of evidence, in which cases a verdict may be based solely upon it, different in result from that reached under the general findings. *Peaslee* v. *Ross*, 143 Mass. 275. *Connolly* v. *Sullivan*, 173 Mass. 1. *Fisher* v. *Doe*, 204 Mass. 34.

The stated principles must now be applied to the cases under consideration. The auditor finds that the "building as constructed contained many deviations and omissions" from the requirements of the specifications. These are set forth in detail. They support the finding based thereon that the Wheelers had "not substantially performed the contract." None of them weaken or question its effect. Tarullo has never accepted the building "as completed according to the contract."

The finding for the Wheelers as to work and materials not included in the specifications is clear and definite, and no statement of evidence or of subsidiary facts is made which renders it uncertain or issuable on the face of the report. *Vickery* v. *Ritchie*, 202 Mass. 247. *Buttrick Lumber Co.* v. *Collins*, 202 Mass. 413, 421. *Bowen* v. *Kimbell*, 203 Mass. 364. *Handy* v. *Bliss*, 204 Mass. 513.

The action by Tarullo for damages suffered by the failure of the Wheelers to perform their obligation presents in effect a like situation. The auditor finds that the damages received by the plaintiff in that action were $1,000, the difference in value of the building as constructed and its value in case the contract had been fulfilled by the Wheelers. He also finds: "The alterations of the block to conform entirely to the contract would involve an expense of between $2,000 and $3,000, and the results obtained would be so entirely disproportionate to this cost that I find it would not be feasible or reasonable to make such alterations, although in certain respects changes could be made which would be feasible." This is based on a full statement of the facts involved in its determination. If the report had been submitted in evidence, a jury properly could not have rendered a verdict different from the conclusion of the auditor. The report does not contain findings upon which a different conclusion could be based. While some of its findings are in detail, in other respects

it is general in character and it contains no findings from which a conclusion can be founded different from that ultimately reached by the auditor.

It follows that the motions for judgment were properly allowed, and that the exceptions thereto must be overruled.

*Exceptions overruled.*