ELIZA J. NORCROSS *vs.* BENJAMIN S. HASKELL, executor.

Suffolk.   October 24, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Appeal, Claim of trial by jury, Judgment on auditor's report, Rules of court.

After an auditor, to whom had been referred an action of contract pending in the Superior Court, filed his report, the plaintiff moved for leave to claim a trial by jury and the defendant moved for judgment in accordance with the auditor's report.   Thirty-two days after the filing of the defendant's motion, a judge of the Superior Court made the following order: "No jury claim having been filed, plaintiff's motion to be allowed to file jury claim having this day been presented and heard by me and denied, and no alternative request having been presented that the cause be heard by a judge sitting without jury, the within motion is allowed and judgment ordered entered for the defendant." The plaintiff appealed from that order.   *Held,* that

(1) The case properly was before this court on appeal;

(2) The disposition of the motion to be allowed to file late a claim of trial by jury rested within sound judicial discretion, and the appeal from the denial of that motion presented no question of law;

(3) The record did not disclose that there was a hearing on the motion for a judgment in accordance with the auditor's report, and the implication of the record was that there was no such hearing;

(4) The judge had no authority to allow the defendant's motion for judgment in accordance with the auditor's report without giving the plaintiff an opportunity to be heard;

(5) *It seems,* that the utmost action which could have been taken without a hearing on the motion for judgment on the auditor's report was to cause notice to be given to the opposite party that, unless within a specified reasonable time cause was shown to the contrary, judgment would be entered in accordance with the motion;

(6) The reason given by the trial judge for granting the motion, that "no alternative request [was] . . . presented that the cause be heard by a judge sitting without jury," was error.

CONTRACT against the executor of the will of Letitia M. Cross, late of Berlin in the State of New Hampshire, with a declaration in three counts, the first count being upon a promissory note of the defendant's testatrix in the sum of $5,500, and the second and third counts being for $5,553.12

according to an account annexed.   Writ dated January 19, 1922.

In the Superior Court, the action was referred to an auditor.   The auditor's report was filed on December 7, 1923.   On January 14, 1924, the plaintiff filed a motion "for leave to file jury claim."   On January 15, 1924, the defendant filed a motion "that judgment may be entered for the defendant, in accordance with the report of" the auditor, "hereinbefore filed."   On February 8, 1924, the plaintiff filed a second motion for a jury trial.

On February 16, 1924, *Brown*, J., made the order quoted in the opinion.   The plaintiff appealed.

The record on appeal comprised only copies of the writ and docket entries, the plaintiff's substitute declaration, the defendant's answer and amendments thereto, the rule to the auditor, the defendant's motion for judgment, the order of the judge, and the plaintiff's appeal.   The motions for leave to file a claim for trial by jury were not printed in the record.

The case was submitted on briefs.

*J. A. Curtin, W. F. Poole, & A. S. Allen,* for the plaintiff.

*R. B. Stone, E. N. Jones, & A. B. Tyler,* for the defendant.

RUGG, C.J.   This action of contract was referred to an auditor.   He filed a report in favor of the defendant.   The defendant filed a motion that judgment be entered in his favor in accordance with the auditor's report.   This motion manifestly was framed upon Rule 30 of the Superior Court (1923), the material part of which is in these words: " On the coming in of the auditor's report, either party may move for entry of judgment according to said report; and the court, thereupon, shall order such judgment to be entered, unless, within a time stated, cause appears or is shown to the contrary.   If cause appears or is shown, the court may hear the parties and frame appropriate issues for the court or jury, upon which the trial shall be had."   The motion for judgment was filed on January 15, 1924.   On it an order of a judge of the Superior Court was made in these words: " Feb'y 16, 1924.   No jury claim having been filed, plaintiff's motion to be allowed to file jury claim having this day been presented and heard by me and denied, and no

alternative request having been presented that the cause be heard by a judge sitting without jury, the within motion is allowed and judgment ordered entered for the defendant."

The plaintiff's appeal from this order brings the case here properly. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134.

The denial of the plaintiff's motion to be allowed to file late a claim for trial by jury presents no question of law. Its disposition rested within sound judicial discretion. *Bailey* v. *Joy*, 132 Mass. 356. *Cleverly* v. *O'Connell*, 156 Mass. 88.

The rule of the Superior Court here involved has recently been expounded and interpreted. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478. *Sherry* v. *Littlefield*, 232 Mass. 220. *Wheeler* v. *Tarullo*, 237 Mass. 306. *Allis-Chalmers Manuf. Co.* v. *Frank Ridlon Co.* 248 Mass. 41. What has there been said need not be repeated or paraphrased. The present opinion is founded on these authorities.

The plaintiff as the party against whom the auditor had made his findings had a right, if seasonably asserted, to try his case before the court. Motion had been made for entry of judgment in accordance with the auditor's report and a month elapsed. The order of the judge does not state that there was a hearing on that motion. The docket entries do not state that there was such hearing. The only hearing disclosed by the record was on the plaintiff's motion for a trial by jury. The statement in the order of the judge, to the effect that there was a hearing on one motion and that another motion was disposed of without any statement that there was a hearing, carries the implication that there was no hearing on the second motion. Moreover, there is a statement in the order that the second motion was denied, " no alternative request having been presented that the cause be heard by a judge sitting without jury." Those words import, not a finding or ruling after hearing, but a ruling without hearing that, because of the plaintiff's failure to file an alternative request, the motion for judgment had been granted.

The record thus presents error in two aspects:

1. There ought to have been a hearing on the motion for judgment on the auditor's report. That motion was not an incidental or subsidiary matter. It was an essential step in the progress of the case. The judge had no authority to grant the motion without giving the plaintiff, against whom it was directed, opportunity to be heard. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422. *Savage* v. *Welch*, 246 Mass. 170, 184. The utmost action which could be taken on such a motion without a hearing would be, as indicated by the rule itself, to cause notice to be given to the opposite party that, unless within a specified reasonable time cause was shown to the contrary, judgment would be entered in accordance with the motion. But the record shows no such order.

2. The reason given for granting that motion was wrong. The rule does not require that a party, against whom an auditor has made findings, must make an " alternative request " for further hearing before the court when motion for judgment has been filed. The most that is required, and this only by inference, is that he seasonably assert his right to such hearing. In the absence of any requirement on the subject in the rule, that right is seasonably asserted if made when the motion for judgment is heard. But here the implication of the record is that there was no such hearing. If a party fails, upon such hearing, to indicate a desire for a trial on the merits, but remains silent on that subject, a question different from that here raised would be presented.

The state of the record in the case at bar distinguishes it from *Allis-Chalmers Manuf. Co.* v. *Frank Ridlon Co.* 248 Mass. 41.

*Order for judgment reversed.*