MARGARET BREEN *vs.* JAMES EMLAH.

STEPHEN D. BREEN, executor, *vs.* SAME.

Suffolk. January 29, 1926. — January 30, 1926.

Present: RUGG, C.J., PIERCE, CROSBY, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice, Master:* findings of fact, objections and
   exceptions; *Decree; Costs.*

Upon an appeal from a final decree in a suit in equity which was heard
   by a master, where there was no report of the evidence before him,
   findings of fact by the master, other than inferences or conclusions from
   facts found by him, must be accepted as true.

Objections annexed to a master's report under Equity Rule 31 (1905) could
   not be considered by this court unless exceptions based thereon were filed.

If costs are allowed in a final decree in a suit in equity, the amount thereof
   in dollars and cents should be stated: a decree stating that "costs be
   allowed . . . to be taxed by the clerk," is improper.

Two BILLS IN EQUITY, filed in the Superior Court respectively on February 2, and February 3, 1922, and described in the opinion.

The suits were referred to the same master and were heard upon the master's report by *Morton*, J., by whose order decrees for the plaintiffs were entered. The defendant appealed.

*R. W. Nason*, for the defendant.

*J. H. Vahey*, for the plaintiffs, was not called on.

BY THE COURT. These are two suits in equity. In one it is sought to obtain reconveyance of real estate from the defendant, who holds the record title by virtue of a deed from one Mary Lally, upon the ground that such deed was obtained by the undue influence of this defendant. The other is a suit by the executor of the will of Mary Lally seeking to establish title to certain personal property, title to which is claimed by the defendant. The cases were heard by a master. His report sets out in great detail the relations between the defendant and said Lally. In each case the finding is unequivocally in favor of the plaintiff. The evidence is not reported. It is not necessary to narrate the facts set forth in the reports of the master. They must be accepted as true. *Smith* v. *Lloyd*, 224 Mass. 173. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334.

Certain objections were filed to the master's report. They all were to the findings of fact. No exceptions were filed. Therefore, the objections need not be considered. *Smedley* v. *Johnson*, 196 Mass. 316.

There is error in each of the final decrees in that each contains the clause: "That costs be allowed the complainant to be taxed by the clerk." A final decree in equity should specify the amount of costs in dollars and cents, if they are allowed. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 494. In each case the final decree is to be modified to specify the amount of costs in dollars and cents; and, so modified, may be affirmed with costs of appeal.

*Ordered accordingly.*

---

*See now Equity Rule 26 (1926); 252 Mass. 608.