WILLIAM SOLOMON *vs.* BOYLSTON NATIONAL BANK.

COMMONWEALTH-ATLANTIC NATIONAL BANK OF BOSTON *vs.* WILLIAM SOLOMON.

SAME *vs.* SAME.

SAME *vs.* SAME.

SAME *vs.* SAME.

Suffolk. December 10, 1929. — January 2, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Auditor: report as evidence, order of judgment on report, motion to strike matter from report; Jury trial; Rules of court; Exceptions. *Rules of Court. Evidence,* Report of auditor, Competency.

An action of contract, in which claim of trial by jury had been made by the plaintiff only, was referred to an auditor under a rule which did not provide that his findings of fact should be final. He made certain findings of fact and found that the plaintiff was entitled to recover. The plaintiff waived his claim of trial by jury and filed a motion for judgment upon the auditor's report, requesting the judge who heard the motion to rule that the defendant was not entitled to a jury trial unless he "satisfies the court . . . that . . . [he] has some further material evidence to present to the court in addition to or different from that heard by the auditor." The defendant opposed the plaintiff's motion and filed a motion for leave to claim a trial by jury and that such a trial be had, stating to the judge that he desired to introduce evidence, some of which had not been heard by the auditor. The judge refused the plaintiff's request and allowed the motion by the defendant. *Held,* that

(1) The effect of the action by the judge was to deny the plaintiff's motion;

(2) Under the rule to the auditor, the right to a trial by a judge or a jury was reserved to the defendant by Common Law Rule 30 of the Superior Court (1923) if there was a genuine issue of fact for trial; and the proffer of evidence by the defendant was cause, within the provisions of the rule, for denying the plaintiff's motion for judgment;

(3) It was within the discretionary power of the judge to grant to the defendant a trial by jury although he had not previously claimed it;

(4) No abuse of discretion by the judge was apparent in the disposition of the parties' motions.

In an action of contract against a bank by a depositor therein, the plain-
tiff sought to recover money which, he alleged, the defendant had
paid out without his authority.  The action was referred to an audi-
tor, who found that the payments by the defendant were made upon
checks forged by an employee of the plaintiff;  that the plaintiff
had not violated any duty which he owed to the defendant in con-
nection with the checks or the discovery of the forgeries;  and that
the employee, on the plaintiff's complaint, had been arrested, indicted,
tried and convicted of forging certain checks.  The defendant did not
move to have the statement as to such conviction struck out.  At a
subsequent trial before a jury, the plaintiff introduced the auditor's
report and rested.  The judge admitted the record in the criminal
proceedings against the employee, which showed that he had been
acquitted as to certain forgeries charged in the indictment, not as
evidence binding upon the jury nor conclusive as to the employee's
guilt, nor as affirmative evidence thereof, but for the purpose of
clarifying the statement by the auditor and "to balance up the
picture for the jury."  The plaintiff excepted to the introduction of
so much of. the record as showed findings of not guilty.  The jury
found for the defendant.  *Held*, that

(1) The presence in the auditor's report of the statement as to the
conviction of the employee was improper and did not warrant the
introduction of the criminal record;

(2) The defendant should have requested that the statement be
struck out or that the jury be instructed to disregard it;

(3) The introduction of the record was prejudicial to the plaintiff
and required that his exception be sustained.

CONTRACT to recover money which the plaintiff had
deposited with the defendant and which, he alleged, it had
paid out without his authority.  Writ dated November 3,
1923.  Also,

FOUR CROSS ACTIONS OF CONTRACT upon promissory notes
made by the defendant.  Writs dated respectively Novem-
ber 13, December 3, and December 13, 1923, and March
3, 1924.  The first two cross actions were brought in the
Municipal Court of the City of Boston.  The second two
were brought in the Superior Court.

Upon removal of the first two cross actions to the Su-
perior Court, the five actions were referred to an auditor
for hearing together.  Solomon, plaintiff in the original
action, had claimed a trial by jury, but the defendant had
not done so.  Proceedings at a hearing by *Cox*, J., of
certain motions after the filing of the auditor's report are
described in the opinion.  Solomon alleged exceptions to

certain rulings and orders by the judge thereat. The actions thereafter were tried before *Macleod,* J. Solomon, as defendant in the cross actions, admitted his liability on the notes. Material findings by the auditor, evidence at the trial and portions of the judge's charge are stated in the opinion. The judge denied motions by Solomon as plaintiff in the original action that a verdict be ordered in his favor therein; and ordered verdicts for the plaintiff in the cross actions in the sums, respectively, of $2,628, $2,621.33, $3,926.50 and $3,899.84. The jury found for the defendant in the original action. The judge reported the actions for determination by this court.

*J. J. Kaplan,* (*P. Carpenter & S. L. Kaplan* with him,) for Solomon.

*Lee M. Friedman,* (*P. D. Turner* with him,) for the banks.

SANDERSON, J. The plaintiff Solomon seeks to recover money deposited with and alleged to have been paid out by the defendant without his order or direction on one hundred and forty-five different occasions between June 28, 1921, and September 29, 1923, amounting in all to at least $27,000. The Atlantic National Bank is the successor of the Boylston National Bank and the Commonwealth-Atlantic National Bank, and will be referred to as the bank. It was the plaintiff in four actions tried at the same time to recover on notes of Solomon who admitted his liability thereon.

The auditor appointed in the case found that the payments were made on checks upon which the name of Solomon was forged by his bookkeeper; that Solomon had not violated any duty which he owed the bank in connection with these checks or the discovery of fraud; that he used reasonable care and diligence in his selection of a bookkeeper and in placing her in charge of his books and accounts and in giving her authority to cash checks properly drawn on the bank and to receive and examine his bank statements; that his trust in her was reasonable; and that the defendant owed the amount set forth in the declaration. Upon the coming in of the auditor's report Solomon moved for judgment upon it and requested the judge to rule that "unless the defendant satisfies the court by statement of counsel or otherwise that

it has some further material evidence to present to the court in addition to or different from that heard by the auditor, the defendant cannot as a matter of right claim a trial by the court," and at the hearing thereon he orally waived his claim for a jury trial. The judge denied this request for ruling "on the ground that its premise is not sustained." Counsel for the bank opposed the motion for judgment, stating among other things that he desired to introduce evidence including some not heard by the auditor. The bank also moved that it be allowed to file a claim for jury trial and that a jury trial be had. This motion was allowed and the case advanced for speedy trial by jury.

The effect of the action of the judge was to deny Solomon's motion for judgment. His exception to the refusal to give the request for ruling and to the denial of his motion for judgment must be overruled. G. L. c. 221, § 56, provides: "The auditor's findings of fact shall be *prima facie* evidence upon such matters only as are embraced in the order; but the court at the trial shall exclude any finding of fact which appears in the report to be based upon an erroneous opinion of law, or upon inadmissible evidence." The facts found by the auditor are decisive in the disposition of a case unless they are contradicted or controlled by other evidence. *Phillips* v. *Cornell*, 133 Mass. 546, 548. *Anderson* v. *Metropolitan Stock Exchange*, 191 Mass. 117, 121. *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173, 176. *Ryan* v. *Whitney*, 257 Mass. 218, 223. Common Law Rule 30 of the Superior Court (1923) provides that the court shall on motion order judgment in accordance with the auditor's report unless cause appears or is shown to the contrary. The proffer of evidence by a party is cause shown to the contrary. *Sherry* v. *Littlefield*, 232 Mass. 220. *Wheeler* v. *Tarullo*, 237 Mass. 306, 309. The rule was not intended to take from a party his right to a trial by a judge or by jury as the case may be, but he has the right to such trial if there is a real issue of fact to be tried. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478. The order allowing jury trial was within the discretion of the judge and upon the record we find no abuse of that discretion. G. L. c. 231,

§ 60.  Common Law Rule 30 of the Superior Court (1923). *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576.  *Graham* v. *Middleby*, 213 Mass. 437.  *Gouzoulas* v. *F. W. Stock & Sons*, 223 Mass. 537.  *Norcross* v. *Haskell*, 251 Mass. 30.

At the trial before the jury Solomon introduced the auditor's report and rested.  In this report the auditor found that the plaintiff's employee "was on Solomon's complaint, arrested, indicted, tried and convicted of forging checks No. 2736, No. 2662 and No. 2729 of the above list."  He also found that three other checks with specified numbers dated in 1921 and bearing forged signatures of Solomon had been paid by the bank.  In defence the bank introduced evidence, consisting in part of an attested copy of the record of the criminal proceedings against the plaintiff's employee, for the ostensible purpose of explaining and clarifying so much of the auditor's report as stated that she was found guilty in the criminal court of forging three checks enumerated by the auditor.  Solomon excepted to the introduction of so much of that record as evidences findings of "not guilty."  The record was admitted as an exhibit.  The indictment contained fifty-two counts;  one to six charged forging and uttering the three checks specifically referred to in the report as bearing dates in 1921, and on those counts the verdict was "not guilty";  seven to thirty-four charged stealing from the plaintiff month by month from July, 1921, to August, 1923, in various amounts, and on each of those counts a verdict of "not guilty" was returned by reason of variance;  thirty-five to forty-three relate to three checks, one count on each check charging forgery, another uttering and another stealing from the bank;  and on each of these counts the verdict was "not guilty."  Counts forty-four to fifty-two relate to the three checks on which the auditor found that the plaintiff's employee was convicted of forgery. It appeared in the record that on each count a charge of forgery, uttering and stealing from the bank was made and on each of those counts the verdict was "guilty."

The judge in his charge, in referring to the record in the criminal case, stated that as a result of the trial in the criminal court as to three of the checks involved in the early

proceedings the plaintiff's employee was found "not guilty"; on three others she was found "guilty"; and on three more was found "not guilty." He stated that this was not affirmative evidence in this case, that it only comes into the case because the auditor put something in about it in the first instance. He ruled that it was too late to except to it at this stage of the case, but that the evidence was in only to qualify and explain other evidence that was put in; and that it shares the same infirmities which the original evidence did; that the findings in the criminal court were not binding or conclusive upon the jury whether the plaintiff's employee was guilty or not guilty — that that was a distinct proceeding — and he explained the difference in the requirements as to proof between criminal and civil sides of the court. He stated that he let the evidence in to balance up the picture for the jury. The jury found for the bank in its four actions against Solomon and also for the bank in the action of Solomon against it. The statement in the auditor's report concerning the conviction of the employee had no proper place in that report and the fact that it was there did not justify the judge in admitting evidence of the acquittal of the employee on a large number of counts relating to forging and uttering other checks. If the bank objected to the statement in the auditor's report it should have made a motion to have it struck out or requested the judge to instruct the jury to disregard it. *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 398. *Boston Box Co. Inc.* v. *Shapiro,* 249 Mass. 373, 377. See also *Brackett* v. *Commonwealth,* 223 Mass. 119, 126. The introduction of this incompetent testimony for the consideration of the jury cannot be said not to have prejudiced the substantial rights of Solomon. Upon this ground the exceptions are sustained.

Inasmuch as other questions presented by the record in the case of Solomon against the bank, No. 155,605, are not likely to be presented in the same form at another trial, it is unnecessary to decide them now. No error appears in the verdicts for the bank in its four actions on notes of Solomon.

The order to be entered on the exceptions and under the

terms of the report in each of the four cases entitled Commonwealth-Atlantic National Bank v. Solomon is judgment on the verdict; and in the case entitled Solomon v. Boylston National Bank the order is exceptions sustained, case to stand for trial.

*So ordered.*