PRESCOTT W. LOVELL *vs.* COMMONWEALTH THREAD COMPANY, INC.

Norfolk.   March 14, 1932. — September 14, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Practice, Civil,* Auditor, Common Law Rule 30 of the Superior Court (1923), Exceptions.   *Rules of Court.*

Where, at the hearing by a judge of the Superior Court of a motion by the defendant in an action at law for judgment in his favor upon the report of an auditor, to whom the action had been referred under a rule not providing that his findings should be final and who had found for the defendant, the judge found that a real question of fact was heard by the auditor but was decided adversely to the plaintiff, and the plaintiff stated to the judge that at a retrial of the action he would introduce testimony previously heard by the auditor which, if believed, would overcome the effect of the auditor's report and would warrant a finding for the plaintiff, it was proper, under G. L. c. 221, § 56, and Common Law Rule 30 of the Superior Court (1923), to deny the defendant's motion and to rule that the plaintiff was "entitled to a trial . . . of the facts in issue under the pleadings with the auditor's report as *prima facie* evidence in behalf of the defendant, if offered," such retrial to be by the court since the plaintiff had not claimed, and the defendant had waived, a trial by jury.

CONTRACT against Commonwealth Thread Company, Inc., and William W. Macdougal. Writ dated November 14, 1927.

In the Superior Court, the defendant Macdougal demurred. The demurrer was sustained by order of *Whiting*, J., and, in a decision reported in 272 Mass. 138, this court affirmed the order sustaining the demurrer. Judgment thereupon was entered for the defendant Macdougal.

The action thereafter was referred to an auditor, who found for the defendant Commonwealth Thread Company, Inc. That defendant filed a motion for judgment upon the auditor's report. The motion was heard by *Gray*, J., and was denied. The defendant alleged exceptions to the denial of the motion and to certain rulings by the judge, as described in the opinion. The action thereafter was heard by the judge without a jury. There was a finding for the plaintiff in the sum of $3,309.29.

The case was submitted on briefs.

*C. L. Newton, J. Wentworth, & B. L. Hill*, for the defendant.

*A. S. Allen & C. A. Parker*, for the plaintiff.

RUGG, C.J. This is an action of contract. The plaintiff seeks to recover moneys alleged to be due him as commissions for sales under a written contract. The defendant pleaded in answer modification of the written contract by mutual agreement so that the plaintiff was entitled to no commissions, payment in full and the statute of limitations. The plaintiff did not claim trial by jury. The defendant, prior to making motion for the appointment of an auditor, waived its seasonably claimed trial by jury. With consent of the plaintiff an auditor was appointed. The report of the auditor was against the plaintiff. The defendant thereupon moved that under Common Law Rule 30 of the Superior Court (1923) judgment be entered in its favor in accordance with the report of the auditor. At the hearing upon this motion the plaintiff stated that at a retrial of the case before the court he would introduce testimony previously heard by the auditor which, if believed, would overcome the effect of the auditor's report and would warrant a finding for the plaintiff. The

court made these findings and rulings: ". . . the plaintiff appeared and insisted upon a retrial of the case before the court on the ground that if the rule gave the defendant on the facts of this case anything beyond the statutory effect of the auditor's report as *prima facie* evidence only, then the rule is in conflict with the statute. The court sustains this position and denies the motion on this ground. The plaintiff, as cause why judgment should not be entered on the auditor's report within the literal meaning of Rule 30, showed to the satisfaction of the court that a real issue of fact was tried before the auditor, that the plaintiff, supported by corroborating witnesses, gave evidence contrary to the findings of the auditor and that a real question of fact was heard by the auditor but decided adversely to the plaintiff. The court further rules as a matter of law that under the statute and the rule the plaintiff is entitled to a trial by the court of the facts in issue under the pleadings with the auditor's report as *prima facie* evidence in behalf of the defendant, if offered." The defendant excepted to these rulings and to the denial of the motion. The material part of said Rule 30 is in these words: "On the coming in of the auditor's report, either party may move for entry of judgment according to said report; and the court, thereupon, shall order such judgment to be entered, unless, within a time stated, cause appears or is shown to the contrary. If cause appears or is shown, the court may hear the parties and frame appropriate issues for the court or jury, upon which the trial shall be had."

It is not necessary to review the history of auditors at common law or the statutes in this Commonwealth regulating the appointment of auditors and establishing the weight to be attributed to their reports. That was done with thoroughness by Chief Justice Gray in *Holmes* v. *Hunt*, 122 Mass. 505. See also *Ex parte Peterson*, 253 U. S. 300. The present governing enactment, G. L. c. 221, § 56, provides that when an auditor has been appointed by order of court his "findings of fact shall be prima facie evidence upon such matters only as are embraced in the order." The decisions are plain to the effect that from the earliest to the latest

statute in this Commonwealth touching the subject the report of an auditor is merely evidentiary in character. It becomes competent evidence, but does not exclude, nor as matter of law supersede or overcome, other competent evidence, save in exceptional cases as where, for example, by agreement of parties the findings of fact are to be final. *Lunn & Sweet Co.* v. *Wolfman*, 268 Mass. 345, 349. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 151, 152. · Such report commonly does not prevent a retrial before a court or jury even upon the same evidence heard and considered by the auditor. There is nothing exceptional in the case at bar. In the absence of controlling evidence either set forth in the report or introduced outside the report, the statute gives such special evidential weight to the report as to require its acceptance as final by court or jury. It cannot be disbelieved as can the uncontradicted testimony of a witness. Since it is *prima facie* evidence of the truth of the facts found, if it stands alone and is unexplained, it maintains the proposition, and warrants and even requires the conclusion to support which it is introduced. But it nevertheless is only evidence. *Allen* v. *Hawks*, 11 Pick. 359. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 329. *Phillips* v. *Cornell*, 133 Mass. 546, 548. *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173. *Kyle* v. *Reynolds*, 211 Mass. 110, 112. *Barrell* v. *Paine*, 236 Mass. 157, 162. See *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 588. The distinction in this particular between an auditor's report and a master's report is clearly marked. The latter in the absence of a transcript of the evidence must be accepted as true unless its conclusions are mutually inconsistent or clearly wrong. *Dean* v. *Emerson*, 102 Mass. 480, 482. *Richards* v. *Todd*, 127 Mass. 167, 172. *Crane* v. *Brooks*, 189 Mass. 228. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. *Breen* v. *Emlah*, 254 Mass. 507, 508. The history of the office of master and his place and function in the administration of justice are widely different from those of auditor. It has been stated not infrequently that the reason for reference to auditors is to relieve the courts from making personal examination of details and to simplify and elucidate the issues to be tried.

*Briggs* v. *Gilman,* 127 Mass. 530, 531.  *Brigham* v. *Morgan,* 185 Mass. 27, 33.  In *Norcross* v. *Haskell,* 251 Mass. 30, where said Rule 30 was under consideration, it was stated, at page 32, as part of the chain of reasoning on which the decision rested, that "the party against whom the auditor had made his findings had a right, if seasonably asserted, to try his case before the court."  This implies an insistence upon the presentation of evidence outside the report of the auditor as a part of the trial.  If the party against whom the auditor has found in his report insists upon the presentation of the same evidence to the court previously heard by the auditor, and there appears to the court to be a genuine question of fact to be determined and such party has not by his conduct or otherwise waived his right to hearing or estopped himself from demanding it, such party is entitled to a retrial notwithstanding the auditor's report.  Nothing in the present record prevented the plaintiff from asking for a retrial before the judge sitting without a jury.  He had assented to the appointment of an auditor.  He had not agreed that the auditor's findings should be final.  He had waived by his conduct a right to a trial by jury, but he did not ask for that: he sought a trial by the court without a jury.  His assent to the appointment of an auditor meant simply that the report of the auditor should have the weight accorded to it by the statute, and it meant nothing more.  The finding of the trial judge in effect was that there was a question of fact of real merit to be tried.

Common Law Rule 30 of the Superior Court (1923) has been considered in several decisions.  *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478.  *Sherry* v. *Littlefield,* 232 Mass. 220.  *Wheeler* v. *Tarullo,* 237 Mass. 306.  *Allis-Chalmers Manuf. Co.* v *Frank Ridlon Co.* 248 Mass. 41.  *Norcross* v. *Haskell,* 251 Mass. 30.  *Solomon* v. *Boylston National Bank,* 269 Mass. 589.  No one of them affords any support to the contention of the defendant that there was error of law in the ruling that the plaintiff was entitled to a trial before the court of the issues of fact raised by the pleadings at which trial the auditor's report, if offered in evidence, would be *prima facie* evidence in favor of the de-

fendant to be considered and weighed with all the other evidence presented. It cannot be thought that the rule was intended to override the statute as to the force and effect of an auditor's report. There is ample scope for its operation within the limitations of the statute. That is illustrated by the group of decisions last cited. The case at bar is concluded in favor of the plaintiff by *Norcross* v. *Haskell*, 251 Mass. 30.

The defendant has argued that consideration by the trial judge of the plaintiff's statement involved a violation of Common Law Rule 23 of the Superior Court (1923) to the effect that no motion grounded on facts will be heard unless agreed to or verified by affidavit or apparent on the record or papers. That contention cannot be supported. Without discussing other reasons it is enough to say that no exception was saved by the defendant on this point and hence it is not before us.

*Exceptions overruled.*