THE ARTHUR A. JOHNSON CORPORATION *vs.*
COMMONWEALTH.

Suffolk. May 13, 1940. — June 25, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Auditor: findings, reservation of right to introduce
evidence; Petition against Commonwealth.

The findings of an auditor to whom is referred a petition against the
Commonwealth under G. L. (Ter. Ed.) c. 258, § 2, are not final in the
absence of an agreement by the parties, but have the same standing
as those of an auditor appointed in an action at law under c. 221, § 56.
Upon the filing of the report of an auditor whose findings were not agreed
to be final and who had heard a petition against the Commonwealth
which presented both a claim at law and one in equity, there was no
error in the denial of a motion to strike out a reservation by the
adverse party of the right to introduce evidence on specified issues
under Rule 88 of the Superior Court (1932).

PETITION, filed in the Superior Court on April 6, 1938.

The case was reported by *F. T. Hammond,* J.

*F. T. Leahy,* (*G. I. Kellaher* with him,) for the petitioner.

*J. J. Kelleher,* Assistant Attorney General, for the Com-
monwealth.

Cox, J. This petition comes to this court by report of
interlocutory orders of a judge of the Superior Court. (See
G. L. [Ter. Ed.] c. 214, § 30; c. 231, § 111.) The report
recites that the petition is under G. L. (Ter. Ed.) c. 258,
whereby the petitioner seeks the "recovery of damages
under a written contract resulting from alleged breach of
warranty, or, in the alternative, the rescission of the con-
tract upon the ground of fraud and a recovery upon *quan-
tum meruit.*" The petition, when entered, was recorded by
the clerk on the law docket. It was referred to an auditor
upon motion of the petitioner, assented to by the respond-
ent, and there was no agreement that his findings of fact
were to be final. There were no objections to the auditor's
report. The respondent seasonably filed a reservation of

right to introduce the same evidence presented before the auditor and further evidence upon specified issues. (Rule 88 of the Superior Court [1932].) Thereupon the petitioner filed a motion to strike out the reservation wherein it specifies that under said c. 258, and by reason of the issues referred to the auditor, "the respondent is not entitled to introduce any further evidence, in that the findings of the auditor on all questions of fact properly submitted to him are final." The trial judge made the following interlocutory order upon this motion: "It is ordered that if the petitioner shall within ten days from the entry of this order file its election to disclaim any right to recover damages for breach of express or implied warranty, as set forth in its petition, but reserving its claim to be entitled to rescind the contract described in said petition and to recover by way of *quantum meruit* all sums justly due it . . . the motion of the petitioner to strike out said reservation shall be allowed and the case shall stand for hearing before the court upon the report of the auditor which shall be treated as a master's report and the parties shall have leave to file exceptions thereto within twenty days of the receipt by the respondent from the petitioner of written notice of the filing of said election. And it is further ordered that if the petitioner shall not file such election its motion aforesaid shall be denied."

The petitioner filed no election as required. An order was entered denying its motion, and the petitioner claimed an "exception." At the hearing upon the motion the petitioner contended that the petition, "in fact," presented a claim in equity under said c. 258, and that the report of the auditor was, in fact, that of a master; and it made the further contention that even if there were a claim of law set forth in the petition, said Rule 88 of the Superior Court was not applicable, and that in any aspect, the respondent, under said c. 258, was not entitled to a retrial of the case.

The petitioner's claim arises out of a contract with the Commonwealth for the construction of the embankment of the dike of Quabbin Reservoir in connection with the procurement of a larger supply of water for Boston and other cities and towns in the Commonwealth. The work involved

the excavation and removal of large quantities of earth materials from the "borrow" hillsides. The auditor found, in so far as it was a question of fact, that there was an implied warranty of the Commonwealth through its representatives as to the subsoil conditions in the "borrow" area, and that this warranty was broken to the petitioner's damage. He also found that the petitioner was misled by the concealment of information within the knowledge of the Commonwealth, and that, in so far as fraud was a question of fact, it was "in this case." He found the petitioner's damages upon the basis of a breach of warranty, and also its damages in the event that rescission should be held permissible and the petitioner was entitled to recover on *quantum meruit*. The petitioner completed its contract to the satisfaction of the Commonwealth.

The petitioner states in its brief alternative grounds for recovery, one upon a claim at law for breach of a warranty as to the honesty of the representations made, and the other upon a claim in equity to rescind the contract on the ground of fraud and to recover on *quantum meruit*.

We are of opinion that there was no error.

The Commonwealth cannot be impleaded in its own courts except with its consent, and, when that consent is granted, it can be impleaded only in the manner and to the extent provided in the statute. *Glickman* v. *Commonwealth*, 244 Mass. 148, 149, 150, and cases cited. G. L. (Ter. Ed.) c. 258, makes provision for the enforcement of claims in law and equity against the Commonwealth. See *Murdock Parlor Grate Co.* v. *Commonwealth*, 152 Mass. 28; *Glickman* v. *Commonwealth*, 244 Mass. 148, 150.

St. 1905, c. 370, which amended the law as appearing in R. L. c. 201 relative to the prosecution of claims against the Commonwealth, provided in § 2, among other things, that "the case shall be tried by the court without a jury," and that "All hearings shall be in open court . . . ." The case of *McArthur Brothers Co.* v. *Commonwealth*, 197 Mass. 137, decided in 1908, reviewed the history of the statutory liability of the Commonwealth for claims and held that the appointment of an auditor was not a permissible practice

under said St. 1905. The following year this statute was amended by striking out said § 2 and inserting in its place a section that provided, among other things, that "All hearings shall be in open court, except that upon motion by the attorney-general or the petitioner an auditor or master may be appointed . . . ." St. 1909, c. 204, § 1. It may be inferred that the purpose of the Legislature in enacting this amendment was to meet the difficulty presented by the decision in the *McArthur Brothers* case. *Murdock Parlor Grate Co.* v. *Commonwealth*, 152 Mass. 28, 30. *Proprietors of the Cemetery of Mount Auburn* v. *Unemployment Compensation Commission*, 301 Mass. 211, 213. The quoted provision that was introduced by said St. 1909 appears in the same form today in G. L. (Ter. Ed.) c. 258, § 2.

One question to be determined is whether the findings of fact by an auditor appointed under the provisions of said § 2 of c. 258 are to be final or whether his findings, in the absence of some agreement of the parties that they are to be final, are merely *prima facie* evidence in accordance with the provisions of G. L. (Ter. Ed.) c. 221, § 56.

The force and effect of the findings of an auditor appointed under said § 56 may be said to be settled. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. That opinion points out, at page 565, that what was said was not to be applied to an auditor whose findings of fact are to be final by agreement, and, consequently, are governed by the rules applicable to a case stated. See *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 151–153, where it is said at page 151: "The case [an action of contract] could have been sent to an auditor, under a rule that his findings of fact should be final, only by agreement of parties." In the case at bar the respondent assented to the appointment of the auditor, but not to the finality of facts to be found by him, and its assent to the reference, or even if it had failed to object to such a reference, is not equivalent to a surrender of the claim for a jury trial, if such a trial were possible under said c. 258, *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 484, or of its right to a trial by the court in accordance with its rele-

vant rules. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 247.

We are of opinion that it was not the intention of the Legislature in providing in said c. 258 for the appointment of an auditor that he should be clothed with any powers different from or greater than those of an auditor appointed under the provisions of § 56 of said c. 221. It is an old rule that in the ascertainment of the meaning of the Legislature's use of words in statutes relating to courts and legal process, we are to consider the Legislature as speaking technically unless from the statute itself it appears that it made use of the terms "in a more popular sense." *Merchants Bank* v. *Cook*, 4 Pick. 405, 411. See *Ex parte Hall*, 1 Pick. 261; *Dexter* v. *Dexter*, 283 Mass. 327, 330; G. L. (Ter. Ed.) c. 4, § 6. The object of said c. 258 was not to create a new class of claims for which the Commonwealth had never been held responsible, but to provide a convenient tribunal for the hearing of claims of the character that civilized governments had always recognized, although the satisfaction of them has usually been sought by direct appeal through the Legislature. *Murdock Parlor Grate Co.* v. *Commonwealth*, 152 Mass. 28, 31. In *Boston & Albany Railroad* v. *Commonwealth*, 296 Mass. 426, 430, it was said that the proceedings under said c. 258 "in form a petition, is in substance an action of contract and not a suit in equity. It follows that this court does not review or revise the decision. We determine only whether it can be supported in law, or whether as a matter of law it must be reversed." See *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 498, where, in a proceeding under said c. 258, the court said: "We think that the proceedings should be regarded as setting forth an alleged claim at law although brought in the form prescribed by c. 258"; and *Cambridge* v. *West Springfield*, 303 Mass. 63, 66, where a proceeding under said statute was said to be, in substance, an action in contract.

The language of the court in *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, is significant where it was said, at pages 245 and 246: "The decisions are plain to the effect that from the earliest to the latest statute in this

Commonwealth touching the subject the report of an auditor is merely evidentiary in character. It becomes competent evidence, but does not exclude, nor as matter of law supersede or overcome, other competent evidence, save in exceptional cases as where, for example, by agreement of parties the findings of fact are to be final." See *Holmes* v. *Hunt*, 122 Mass. 505. It is true, that the *Lovell* case was concerned not with the appointment of an auditor under said c. 258, but rather with one appointed under § 56 of said c. 221. In the light of what has been said, we are of opinion that the use of the word auditor in the statute in question, either technically or popularly, could not have been intended by the Legislature to define a tribunal with fact finding powers greater than those of an auditor as we know him generally. Use of the words "auditor or master" is not without significance. We are not concerned at present with those cases where it has been said that the decisive factor is not the designation given to an appointee, but the duties imposed upon him, and where, in appropriate instances, a master's report may be treated as that of an auditor, or if the work performed by an appointee is that of a master, his report will be treated as the report of a master. See *Dean* v. *Emerson*, 102 Mass. 480; *Falmouth* v. *Falmouth Water Co.* 180 Mass. 325, 328; *Selectmen of Norwood, petitioners*, 183 Mass. 147, 151; *Chapman* v. *Chapman*, 224 Mass. 427; *Stockbridge* v. *Mixer*, 227 Mass. 501.

In *McArthur Brothers Co.* v. *Commonwealth*, 197 Mass. 137, it would seem that the court had in mind the auditor as we know him generally in its discussion of the reasons why, as the statute then stood, an auditor could not be appointed in statutory proceedings upon claims against the Commonwealth. See also *George A. Fuller Co.* v. *Commonwealth*, 303 Mass. 216; *Franklin A. Snow Co.* v. *Commonwealth*, 303 Mass. 511.

St. 1879, c. 255, conferred upon the Superior Court jurisdiction, among other things, of all claims against the Commonwealth founded on contract for the payment of money. Section 3 provided that "The cause shall be tried in the

same manner, in all respects, as suits at common law . . . by the court without a jury." This provision appears in Pub. Sts. c. 195, § 3 (1882). The provision that the cause shall be tried in the same manner in all respects as a suit at common law was omitted from the revision of the statutes, R. L. c. 201 (1902). We are of opinion, however, that this omission can in no wise be construed as leaving the word auditor subject to any definition different from that which we have applied to it. In *Main* v. *County of Plymouth*, 223 Mass. 66, at page 69 (see *Dowling* v. *Assessors of Boston*, 268 Mass. 480, 483, 484), it was said: "There is nothing in the report of the commissioners for the drafting of the Revised Laws, which indicates a purpose to make radical changes in the law in this respect [a claim of damages], or to go beyond the somewhat narrow extension manifested by the plain words in their natural sense. The modifications in the phrase of the act when it was enacted in its present form in the Revised Laws, do not disclose a legislative purpose to modify in this respect the pre-existing law. It is a familiar principle of statutory construction that mere verbal changes in the revision of a statute do not alter its meaning and are construed as a continuation of the previous law." There is no such change in the statute in question, as revised, as to require the application of any possible exception to this general rule. *Neiss* v. *Burwen*, 287 Mass. 82, 95. The legislative history of the statute presents an additional reason for the conclusion that we have reached. It is to be observed that it was not until 1887, by c. 246, that the statute was amended so as to include claims "whether at law or in equity," with some exceptions.

The petitioner contends, however, that its claim has a double aspect in that the "petition in the case at bar presented a claim at law and a claim in equity," and that the auditor herein was in reality functioning as a master. The question remains whether the magistrate in the case at bar was functioning in such a capacity that the petitioner's motion should have been allowed. The judge has reported the questions of law raised by his orders on the motion to

strike out, and these include his alternative order to the effect that unless the petitioner filed an election to disclaim any right to recover for breach of express or implied warranty, the motion should be denied. Its motion to strike out and its argument thereon, in part, at least, are based upon its contention that the petition presented a claim in equity; and further, that even if it did set forth a claim at law the respondent was not entitled to a retrial. The petition, on its face, bears out the contention of the petitioner that one of its claims is "upon a claim at law for breach of a warranty," and the inquiry into such a claim is peculiarly the work of an auditor. It is unnecessary for us at this time to pass upon the merits of the petitioner's claim or claims, or to determine whether a necessity for an election will eventually arise, nor is it necessary for us to pass upon so much of the order of the trial judge as required an election by the petitioner as a ground for the allowance of its motion. The important question to be decided is whether the judge was wrong in denying the motion as the case then stood, and we are of opinion that he was not.

*Interlocutory order denying motion*
*to strike out affirmed.*