JOSEPH N. WALCOTT vs. JEREMIAH O'CONNOR.

Suffolk.   November 23, 1894. — January 5, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Trial — Mistake of Clerk of Court — Negligence of Attorney.*

The docket of the Superior Court showed that the defendant in an action duly claimed a trial by jury, but the clerk of the court by mistake put the case upon the jury waived list. About a month before the case was reached for trial on that list, the defendant's counsel made some search for, but was unable to find, the notice that the defendant claimed a trial by jury, and believed that his clerk had not given the notice. He made no motion to transfer the case to the list of cases for trial by jury, but proceeded to a trial without a jury. After the trial, and before the finding of the judge had been formally made and entered, the notice was found among the files of the case; and thereupon the defendant asked the judge to transfer the case to the list for trial by jury. The judge refused so to do, and found for the plaintiff. *Held,* that the defendant had no ground of exception.

CONTRACT, against the surety upon a poor debtor's recognizance. Trial in the Superior Court, without a jury, before *Bond,* J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. L. Powers,* for the defendant.

*F. W. Adams,* for the plaintiff.

FIELD, C. J.   The docket showed that the defendant duly claimed a trial by jury, but the clerk of the court, by mistake, put the case upon the jury waived list. The defendant's counsel, about a month before the case was reached for trial on the jury waived list, made "some search for the defendant's notice that he claimed a jury trial without finding it, and believed thereafter that his clerk had not given the said notice." The notice was found among the papers at the time of the trial. The defendant made no motion to transfer the case to the list of cases for trial by a jury, but proceeded to a trial of the case by the court without a jury. After the trial, and before the finding of the court "had been formally made and entered, the defendant's claim for a trial by jury was noticed by the justice with the files, and the attention of counsel was called to it, and there-

upon the defendant asked the court to transfer the case to the jury list," which the court refused to do. To this refusal the defendant excepted. The finding of the court was for the plaintiff. The defendant with his counsel went to trial before the court held without a jury, without making any objection to such a trial. The counsel intimates that he was induced to do this because he believed that he had not given notice that he desired a trial by jury. An examination of the docket of the court would have shown that he had given such notice, and the notice was among the papers at the time of the trial. So far as the defendant's counsel, in proceeding without objection to trial before the court without a jury, acted under a mistake of fact, it was a mistake of a fact relating to his own conduct, which was induced, not by the other party to the suit, but by the clerk of the court, and it was apparently a mistake which a careful examination of the docket or of the papers in the case would have disclosed. Certainly the court, in declining to grant the defendant's motion " so far as it was a matter of discretion," may have found that it was due to the carelessness of the defendant or his counsel that the mistake of putting the case on the jury waived list was not discovered.

The defendant, through his counsel, having assented to a trial without a jury, ought not afterwards to avoid this by showing that his counsel made a mistake about a fact relating to his own conduct in the case, which due diligence on his part would have corrected.

*Exceptions overruled.*