JOHN GOUZOULAS *vs.* F. W. STOCK AND SONS.

F. W. STOCK AND SONS *vs.* JOHN GOUZOULAS.

Essex.    February 28, 1916. — April 11, 1916.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Claiming trial by jury, Exceptions.  *Contract,* In writing, Performance and breach, Waiver.  *Waiver.*

In an action at law, where the defendant had claimed a jury trial and, when the case came on for trial, waived the claim and moved to have the case taken from the jury list, whereupon the plaintiff moved orally for a trial by jury, and where the presiding judge denied the defendant's motion to have the case taken from the jury list and ordered that the trial proceed before a jury, it was *held,* that, although the judge was wrong in denying the defendant's motion, because a party claiming a trial by jury has a right to waive that claim, yet this error did the defendant no harm and would not support an exception, because the plaintiff had a right to move orally for a trial by jury and the judge had power to grant that motion as he did.

A contract in writing can be changed or modified by a subsequent oral agreement of the parties, and the performance of any requirement of the contract may be waived orally or by the conduct of the parties.

CARROLL, J. These two actions were tried together. The first was brought by John Gouzoulas against F. W. Stock and Sons, a corporation, hereinafter called the defendant, to recover dam-

ages for the non-delivery of flour. The second was against Gou-
zoulas to recover damages for his failure to accept and pay for
the flour. In each case he had a verdict. He will be hereafter
referred to as the plaintiff.

1. The defendant duly claimed a jury trial. Before the jury was
impanelled, the defendant, in writing, waived this claim, and moved
to have the cases heard by the judge.* The motion was opposed
by the plaintiff who orally moved for a trial by jury. The bill of
exceptions says, "The court refused to allow the motion of the
defendants' attorney to take the cases from the jury list and ordered
trial to proceed before a jury." If this record be strictly construed,
it is apparent there was error in denying the motion of the de-
fendant to transfer the cases from the jury list. A party claiming
a jury trial has the undoubted right to waive this claim, and the
motion of the defendant was refused improperly. *Walcott* v.
*O'Connor*, 163 Mass. 21. *Stevens* v. *McDonald*, 173 Mass. 382.

It is also true that it was within the power of the judge to grant
the plaintiff's motion and order the cases to be tried by a jury.
R. L. c. 173, § 56. *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576.
By granting the motion of the plaintiff, the judge ordered the cases
to be tried before a jury. This he could do; and, therefore, there
was no harmful error in denying the defendant's motion.

2. In September, 1909, the parties contracted for the delivery
by the defendant to the plaintiff of two hundred and five barrels
of flour "to be ordered out within Oct. 20 from date. Flour car-
ried for convenience of buyer beyond contract period shall bear a
charge of 5c per barrel."

December 2, 1909, the plaintiff signed a letter, written to the
defendant by one of its agents, which read as follows: "Order my
car flour out at once. I want it here by the last of Dec."

December 6, 1909, a contract was made for two hundred and
ten barrels of flour to be shipped at once. It stipulated that
"Flour, carried for convenience of buyer beyond contract period,
shall bear a charge of 5c per barrel."

December 28, 1909, the defendant wrote the plaintiff, " . . .
I discovered that my shipping directions for your car had been
overlooked . . . , however, we are rushing off the shipment with

---

* *Hardy*, J.

tracer and it will be in your place within 10 or 12 days. If you should need any flour to last you until this car arrives, you can let our office know . . . and our stenographer will give you an order on the Lynn Storage Co. for such amount as you may need, the price on any more flour will be $5.50 at storage."

In instructing the jury, the judge stated that the parties could subsequently modify the contract of September 8, 1909; he called their attention to the letter of December 2, 1909; to the fact that there was some conversation between the plaintiff and the agent of the defendant, and said, "Under those circumstances if both parties agree there would be evidence showing the waiver on the part of Stock and Sons of any claim for storage, if it was so understood that the goods might be delivered, about the last of December . . . if that was so . . . there could be no claim . . . for storage."

The jury were instructed, in reference to the letter of December 28, 1909, that the plaintiff was not responsible for the error caused by the delay in the shipping directions. There was evidence, not reported, tending to show that the flour was carried by the defendant from October 20, 1909, to December 2, 1909, for the benefit of the plaintiff.

The defendant excepted to that part of the instructions relating to the carrying charge, contending that the contract, being in writing, could not be modified by parol. It is clear that the parties could change the terms of the written contract by a subsequent oral agreement. *Thomas* v. *Barnes,* 156 Mass. 581. The jury could find from the statements contained in the letters, from the conduct of the parties and all the evidence in the case, that the part of the contract providing for a storage charge of five cents per barrel after October 20, 1909, was waived by them.

We see no error of law in the judge's charge.

*Exceptions overruled.*

The cases were submitted on briefs.

*H. L. Baker & R. B. Skinner,* for F. W. Stock and Sons.
*S. H. Donnell,* for Gouzoulas.