KATHERINE O'HEARN & others *vs.* TOWN OF ADAMS.

Berkshire.    May 11, 1933. — May 29, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Auditor: jury trial after report filed; Common Law Rule 30 of the Superior Court (1923); Rule 88 of the Superior Court (1932). *Rules of Court.*

The plaintiff in an action in the Superior Court seasonably claimed trial by jury. Upon the filing of the report of an auditor to whom the action had been referred under a rule not providing that his findings of fact should be final, the plaintiff in October, 1931, filed a motion that judgment in his favor be entered upon one of alternative findings in the report and that, if judgment were not so entered, retrial by jury be ordered upon issues to be framed by the court. This motion was denied in January, 1932, without exception being saved by the plaintiff, and the action was recommitted to the auditor for reconsideration without the hearing of further evidence. Within ten days after the filing of the auditor's supplemental report, the plaintiff, in June, 1932, filed a paper stating that he "now insist[s] upon and claim[s] . . . [his] right to trial by jury, as previously claimed . . . and hereby move[s] and request[s] . . . [the court] the privilege of, and do[es] hereby reserve the right to introduce further evidence upon the following questions of fact, and that such issues of fact may be framed by the court and heard and determined by the jury," with a statement of such issues. Such motion was denied upon the ground that as a matter of law the plaintiff was not entitled to have it allowed. *Held,* that

(1) In the circumstances, the presentation and denial of the plain-

tiff's motion of October, 1931, did not preclude the plaintiff from further insistence upon trial by jury;

(2) The motion filed by the plaintiff in June, 1932, was in conformity to Rule 88 of the Superior Court (1932);

(3) The denial of the second motion upon the ground stated was error;

(4) The denial of the second motion was set aside and the motion was ordered to stand for hearing on its merits.

TORT. Writ dated October 25, 1928.

In the Superior Court, the action was referred to an auditor. Proceedings after the filing of his report are described in the opinion. The plaintiffs' motion of October 5, 1931, was denied by *Fosdick,* J., and their motion of June 4, 1932, was denied and such denial reported for determination by this court by *Brown,* J.

The plaintiffs' motion of June 4, 1932, was as follows: "And now come the plaintiffs and represent that in the above entitled action an auditor . . . was appointed by this honorable court, whose findings of fact were not to be final; that said auditor did on the twenty-sixth day of May, 1932, file his supplemental report in this honorable court; that the plaintiffs now insist upon and claim their right to trial by jury, as previously claimed by them, and hereby move and request this honorable court the privilege of, and do hereby reserve the right to introduce further evidence upon the following questions of fact, and that such issues of fact may be framed by the court and heard and determined by the jury, . . . [followed by a statement of such issues]."

*H. L. Harrington,* for the plaintiffs.

*W. J. Donovan,* Town Counsel, for the defendant.

RUGG, C.J. This is an action of tort brought to recover compensation for injury to real estate alleged to have been caused by the overflow of Hoosac River and discharge of sewage from a common sewer arising from wrongful acts of the defendant or its superintendent of sewers. The writ was entered in December, 1928, with request for trial by jury indorsed thereon. After the completion of pleadings the case was referred to an auditor on December 9, 1930, under the general rule with no provision that his findings

of fact should be final. After the report was made by the auditor the plaintiffs on October 5, 1931, filed a motion of this tenor so far as material: "that whereas the auditor's report is in the alternative, depending upon certain questions of both law and fact, and whereas plaintiffs have heretofore claimed trial by jury and have not waived such right, now therefore, the plaintiffs move this honorable court that entry of judgment be made for the plaintiffs for the full amount found by said auditor, to wit: — $4,656.15, together with such interest as they may be entitled to as set forth on page 66, finding number 34A, and that if this is not granted and judgment entered on said auditor's report for the full amount as aforesaid, then and in that event that this honorable court shall order a retrial of the case before a jury, the issues of fact and questions submitted to be framed by this honorable court." This motion was denied on January 11, 1932. Later, upon motion of the defendant, the report was recommitted to the auditor by a somewhat elaborate order directing reconsideration of the case without hearing additional evidence but omitting considerable specified evidence previously received. A supplemental report was filed by the auditor on May 26, 1932. On June 4, 1932, the plaintiffs filed a paper entitled "further claim to trial by jury and statement of issues on which they reserve the right to introduce further evidence." That paper contained an assertion of insistence upon their claim to trial by jury and a recital of issues of fact desired to be framed and tried by jury. Upon this paper a judge of the Superior Court indorsed on October 28, 1932, "Motion denied and action reserved for report." This report states that this motion was denied upon the ground that upon the record as matter of law the plaintiffs were not entitled to its allowance. Thereafter the judge certified the questions of law thus raised to be entered and heard at the sitting of the court for the Commonwealth. G. L. (Ter. Ed.) c. 211, § 16. Stated in another form the question presented for decision is whether the plaintiffs' motion, filed on October 5, 1931, and already set forth, constituted a waiver of their right to trial by jury.

The rule of the Superior Court operative up to and including the thirty-first day of December, 1931, respecting motions for judgment on an auditor's report was Common Law Rule 30 of the Superior Court (1923) which so far as material was as follows: "On the coming in of the auditor's report, either party may move for entry of judgment according to said report; and the court, thereupon, shall order such judgment to be entered, unless, within a time stated, cause appears or is shown to the contrary." It was stated at the argument that the auditor's report as originally filed set out in the alternative findings of different amounts for the plaintiffs depending upon different theories of law. It is manifest that the motion of the plaintiffs for judgment filed on October 5, 1931, was not a simple motion for judgment according to the auditor's report. It did not come within the terms of the rule. It was a motion that judgment be entered on one aspect only of the auditor's report and upon condition that if the motion was not granted the plaintiffs reserved their right to trial by jury. It was an anomalous motion. It is not necessary to determine whether the judge might have refused to pass upon such a motion. He did pass upon it by denying it. Nor is it necessary to determine the effect of such motion and its disposition if the report of the auditor to which it was directed had remained as basis for subsequent proceedings. It did not so remain because, as already pointed out, the case was recommitted to the auditor with broad powers, and a supplemental or additional report in accordance with such order was filed in due course. The presentation of such a motion and its denial without effective exception did not in all the circumstances preclude the plaintiffs from further insistence upon trial by jury. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 481, 482. *Wheeler* v. *Tarullo,* 237 Mass. 306, 309, 310. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 153. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 247.

The governing rule beginning with January 1, 1932, and operative when the second report of the auditor was filed, was Rule 88 of the Superior Court (1932). That rule so

far as here material provides: "A party shall be held to waive any right to jury trial previously claimed, unless within ten days after the filing of the report he shall file a statement that he insists thereon. He shall have the right to introduce evidence other than the report only as to issues upon which he or some other party, by a writing filed within such time, reserves the right to introduce further evidence." In accordance with that rule the plaintiffs filed the motion now before us on report by the trial judge of his action in denying the motion. We interpret the terms of the report to mean that the motion was denied on the ground that the plaintiffs were precluded in some way from asking for trial by jury at that stage of the proceedings. None of the reports by the auditor is before us. The supplemental or final one filed on May 26, 1932, with respect to which the motion here reported was filed, is not before us and its substance is nowhere stated. It was error for the trial judge to deny the motion on such ground. While that motion was an informal paper it still plainly was an insistence upon right to trial by jury. It was filed within the time prescribed by Rule 88. It was his duty to consider it on its merits in the light of the principles of law stated in the cases just cited.

The action of the trial judge on October 28, 1932, in denying the motion of June 4, 1932, is set aside and the motion is to stand for hearing upon its merits.

*So ordered.*