BERTHA OTT *vs.* CAMILLE COMEAU.

MAX H. W. OTT *vs.* SAME.

Plymouth.     February 2, 1937. — March 30, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Auditor: trial after report filed; Rule 88 of the Superior Court (1932).

After the filing of a report by an auditor whose findings were not to be final, and of an insistence under Rule 88 of the Superior Court (1932) upon a jury trial with reservation of right to introduce further evidence, a later waiver of the jury trial did not also waive the right to introduce further evidence, and the court could not rightly refuse to hear further evidence and order judgment upon the auditor's report alone.

TWO ACTIONS OF TORT. Writs in the Superior Court dated June 1, 1933.

There were findings by *Donahue*, J., for the plaintiffs in the sums of $3,500 and $300, respectively. The defendant alleged exceptions.

*G. L. Wainwright,* for the defendant.

*M. T. Hall,* for the plaintiffs.

Rugg, C.J. In these actions of tort each plaintiff seeks to recover compensation for damage alleged to have been sustained by reason of the negligent operation of a motor vehicle by the defendant. On motion by the defendant, the cases were heard by an auditor. In the order of reference there was no stipulation that the findings of fact should be final. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 151, 152. Therefore, those findings as matter of law were not final. The auditor's report was in favor of the plaintiff in each case. That report was filed on August 15, 1935. Three days later the defendant filed in each case a statement in writing that he insisted on a trial by jury, theretofore claimed, and that he reserved the right to introduce the same evidence presented before the auditor and any other competent evidence pertaining to the negligence of the defendant and the damages sustained by the plaintiff. On October 5, 1935, the defendant filed in each case a waiver of trial by jury, insisting at the same time on a trial before the court without a jury. On October 15, 1935, the plaintiff in each case filed a motion for judgment on the auditor's report. After a hearing, subject to exceptions by the defendant, these motions were granted and a finding was entered in favor of each plaintiff for the amount found by the auditor. The bill of exceptions states that the issue raised is whether a defendant, having moved that a case be referred to an auditor, there being no stipulation in the motion or in the order of reference that the findings of fact should be final, is entitled as matter of law to a trial before the court without a jury upon evidence other than the auditor's report. That is the only point argued.

There can be no doubt of the power of the court to appoint an auditor in cases like the present. G. L. (Ter. Ed.) c. 221, § 56. *Holmes* v. *Hunt,* 122 Mass. 505. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 328. *Holmes* v. *Turner's Falls Co.* 150 Mass. 535. The practice as to reports of auditors whose findings of fact are not final is regulated by Rule 88 of the Superior Court (1932). The second paragraph of that rule (which alone is material) is in these words: "A party shall be held to waive any right to jury trial pre-

viously claimed, unless within ten days after the filing of the report he shall file a statement that he insists thereon. He shall have the right to introduce evidence other than the report only as to issues upon which he or some other party, by a writing filed within such time, reserves the right to introduce further evidence; but the court may permit amendment of such reservation at any time. Trial by jury in such cases may be upon issues framed or otherwise, as the court may direct. Where the trial is to be by the court without jury, upon the auditor's report only, it may be had by motion for judgment upon the report." The defendant complied with the provision in the first two sentences of this paragraph by seasonably insisting upon his right to trial by jury and by reserving his right to introduce further evidence. Up to this point the cases were in due position for trial. The defendant thereupon waived his right to trial by jury, but still insisted upon his right to a trial before the court without a jury. That was in substance and effect a continued assertion of a right to introduce further evidence on the points, which he had already specified, at the trial before the court. The defendant had that right under the law. There is nothing in Rule 88 which undertakes to authorize the appointment of an auditor whose findings of fact are not final, without opportunity for further trial, either by a jury or by the court without a jury. This was in substance and effect decided with reference to Common Law Rule 30 of the Superior Court (1923), which was more imperative in terms than the present Rule 88. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478. *Sherry* v. *Littlefield,* 232 Mass. 220. *Allis-Chalmers Manuf. Co.* v. *Frank Ridlon Co.* 248 Mass. 41. *Norcross* v. *Haskell,* 251 Mass. 30. *Solomon* v. *Boylston National Bank,* 269 Mass. 589. The last sentence of Rule 88, already quoted, regulates hearings before the court in cases where the hearing is upon the report of the auditor as the only evidence. Rule 88 does not purport to go further. *Ballou* v. *Fitzpatrick,* 283 Mass. 336, 338. Superior Court Rules (1932) Annotated, page 273. *Fisher* v. *Drew,* 247 Mass. 178, 180.

Plainly, the rule does not exclude trials before a judge on the auditor's report and other evidence in cases where proper reservation of issues has been made. Reference has been made to Rule 88 in numerous decisions, but there is nothing in any of them to support the contention that a party, by moving for the appointment of an auditor whose findings of fact are not to be final, is thereby precluded from a trial before the court on the auditor's report and other competent evidence as to issues specified and reserved in conformity to said Rule 88. *A. W. Banister Co.* v. *P. J. W. Moodie Lumber Co.* 286 Mass. 424, 426. *O'Hearn* v. *Adams*, 283 Mass. 200, 204. *Ballou* v. *Fitzpatrick*, 283 Mass. 336, 337, 338. *Chapple* v. *Merchants National Bank*, 284 Mass. 122, 131, 132. *Mathews* v. *Hathaway Baking Co.* 284 Mass. 328. *Dome Realty Co.* v. *Gould*, 285 Mass. 294, 296. *Bianco* v. *Ashley*, 284 Mass. 20. *J. W. Grady Co.* v. *Herrick*, 288 Mass. 304, 306. *Doloian* v. *Auburn*, 292 Mass. 283. *DiDonato* v. *Renzi*, 295 Mass. 113, 114.

The result is that the defendant was entitled to a full trial before the judge upon the auditor's report and other competent evidence on the points specified in his reservation of right to introduce further evidence.

In each case the entry may be

*Exceptions sustained.*