ARTHUR SARHANIS *vs.* HELEN F. YOUNG.

Middlesex.    October 4, 1938. — December 13, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil*, Auditor: findings, trial on report only. *Damages*, For tort.

At the trial of an action for personal injuries with the only evidence the report of an auditor whose findings were not to be final, a finding of the auditor as to the amount of damages was not binding upon the jury where his description of the injuries warranted a finding of a different amount.

TORT. Writ in the Third District Court of Eastern Middlesex dated November 26, 1935.

On removal to the Superior Court, the action was tried before *Dowd*, J., and there was a verdict for the plaintiff in the sum of $2,000. The defendant alleged exceptions.

*R. L. Mapplebeck*, for the defendant.

*L. P. Doherty, J. T. Doherty, & J. Blumsack*, for the plaintiff, submitted a brief.

LUMMUS, J. The plaintiff, a boy of six, was run down by an automobile operated by the defendant. An auditor, appointed under Rule 88 of the Superior Court (1932), whose findings of fact were not to be final, found that the injury was caused by negligence of the defendant without contributory negligence of the plaintiff or of any one having charge of his person. Liability is conceded. The only question relates to damages.

Although the plaintiff reserved the right to present further evidence, the case was in fact submitted to the jury upon the auditor's report without further evidence from either party. In that report all that was said bearing on damages was this: "The plaintiff was knocked down and taken to the Central Street Hospital in a semiconscious condition. There were deep lacerations across his forehead which required stitching. There was also a cut below the nose and there were bruises to his left knee and fibula. There was a concussion of the brain. There was no fracture of the skull and no serious permanent injury. The scars on the forehead and at the base of the nose may be expected to fade and they will not be disfiguring. I fix his damages at $300. In addition there were charges for medical attention and for hospital care amounting to $148. I find for the plaintiff in the sum of $448."

The defendant moved for the direction of a verdict for the plaintiff in the sum found by the auditor, and no more, and excepted to the denial of her motion. The jury returned a verdict for the plaintiff in the sum of $2,000. The only question is, whether the jury could be allowed to award damages in a larger sum than that reported by the auditor.

The governing principles are stated in the case of *Cook* v. *Farm Service Stores, Inc., ante,* 564. The finding of the auditor as to damages was in substance a finding as to the amount of money that would compensate the plaintiff for his injury. Such a finding cannot be made according to any arithmetical calculation. A proper estimate depends upon sound judgment based largely upon common knowledge. *Ballou* v. *Farnum,* 11 Allen, 73, 77. *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220, 236. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8. The description of the injury in the auditor's report, though meagre, warranted a finding of damages in excess of the amount found by the auditor, and in our opinion required the submission to the jury of the question of damages. *Savin* v. *Block,* 297 Mass. 487, 490.

*Exceptions overruled.*