MARIE LEASON *vs.* BOSTON HOUSING AUTHORITY.

Suffolk.    March 9, 1967. — April 28, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Auditor: findings, damages; New trial.  *Evidence,* Prima facie evidence.  *Negligence,* Invited person, One owning or controlling real estate, Contributory.

In an action for personal injuries tried to a jury solely on the report of an auditor who found for the plaintiff, it was error to order a verdict for the plaintiff in the amount of damages found by the auditor; the case should have been submitted to the jury on the issue of damages and there must be a new trial limited to that issue.   [470–471]

Findings of an auditor warranted conclusions that a woman who was injured through falling over a berm or curbing around a parking space in the project area of a housing authority at night when lights installed there were out and it was dark was an invitee there, that the housing authority was negligent, and that the woman was not guilty of contributory negligence.   [471]

TORT. Writ in the Superior Court dated November 21, 1960.

The action was tried before *Gourdin, J.*

*Sturtevant Burr* (*Charles J. Humphreys* with him) for the defendant.

*Benjamin F. Forde, Jr.,* for the plaintiff.

SPIEGEL, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff when she allegedly fell over a berm on property owned by the defendant. The action was referred to an auditor who found for the plaintiff in the sum of $4,000. Thereafter, the case was tried to a jury and the only evidence introduced was the auditor's report which was read to the jury and marked as an exhibit. The plaintiff filed a motion for a directed ''verdict in her favor based on the Auditor's Report'' and the defendant filed a motion for a directed verdict in its favor. The trial judge allowed the plaintiff's motion and ''directed the jury to return a verdict for the plaintiff in the amount of the Auditor's report.'' The defendant's motion was denied. The case is here on the defendant's exceptions to the allowance of the plaintiff's motion and to the denial of its motion.

We summarize the auditor's findings. The plaintiff was a tenant of the defendant under a lease dated June 1, 1960. She had resided in the apartment building of the defendant since 1942. While returning to the project area of the defendant she ''walked along . . . in the direction of Samuel Morse Way, a part of the project area . . . . As she proceeded ahead, she passed a number of buildings located on each side of the way until she came to a . . . building to her right. This building was fenced off by an iron fence, one side of which adjoined a passageway, next to which was located an automobile parking area set aside by the defendant for the parking of automobiles. . . . [H]ard top berms (like a curbing) were constructed around it with an entrance leading off from Samuel Morse Way.'' There were electric lights on two of the buildings near the parking lot. ''These were installed by the defendant, for the pur-

pose of lighting up the immediate area . . . . On the night of the accident, these lights were out and it was dark in the immediate area. They had been out nightly for a period of about a week . . . . After passing by the iron fence, the plaintiff walked diagonally to her right and as she neared the berm, to her right, she turned left and continued straight ahead. After taking a few steps her feet came in contact with the berm and she fell, landing facedown'' and straddling the berm. She was found shortly thereafter by two police officers, who had to use their flashlights because of the darkness.

· She declined the officers' offer to take her to a hospital and was assisted by them to the apartment of a friend in the same project area. Several hours later she was unable to walk and was carried to her apartment. Later that night she was taken to a hospital where she was examined, treated, and returned home with crutches.

She returned to the orthopedic clinic of the hospital the following day and received treatment for her leg. During the next several months she made several visits to clinics where she received further treatment and rehabilitation therapy. The hospital bill was $11.50.

The judge directed a verdict for the plaintiff in the amount found by the auditor, $4,000. The only evidence in the case was the auditor's report. ''[U]p to a certain point [such evidence has] an artificial legal force which compels the conclusion that the evidence is true, and requires the judge to give effect to its unquestionable truth by a ruling or a direction to the jury.'' Cook v. Farm Serv. Stores, Inc. 301 Mass. 564, 566. But ''evidence that warrants a finding contrary to that of the auditor, and therefore deprives the auditor's finding of its artificial force, may consist of . . . subsidiary or specific findings by the auditor, from which an inference may be drawn as to an ultimate or other fact, contrary to the finding of the auditor with reference to that fact.'' Ibid. p. 567. In Sarhanis v. Young, 301 Mass. 571, 572, we said, ''The finding of the auditor as to damages was in substance a finding as to the

amount of money that would compensate the plaintiff for his injury. Such a finding cannot be made according to any arithmetical calculation. A proper estimate depends upon sound judgment based largely upon common knowledge.'' We held that the motion for a directed verdict for the plaintiff should not have been granted and the case should have been submitted to the jury on the question of damages. We see no relevant distinction between that case and the one before us.

The defendant argues that its motion for a directed verdict should have been granted because ''no specific finding was made that . . . [the fact that the light was not on] constituted negligence.'' We do not agree.

The auditor did make the specific subsidiary findings regarding the light which warranted his ultimate finding that the defendant was negligent.

Nor is there merit in the defendant's contentions that the plaintiff was a mere licensee and that she was contributorily negligent. The auditor's report contained adequate evidence to the contrary.

There must be a new trial solely on the issue of damages. See *Weinberg* v. *Massachusetts Bay Transp. Authy.* 348 Mass. 669, 671.

*Exceptions sustained.*