VAUGHT CONSTRUCTION CORPORATION *vs.* BERTONAZZI BUICK CO., INC.

Worcester.    September 16, 1976. — December 21, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Jury trial waiver, Summary judgment, Master's report. *Words,* "Prima facie evidence."

In a contract action commenced prior to the effective date of the new Massachusetts Rules of Civil Procedure in which the plaintiff had claimed a jury trial, the judge erred in allowing the plaintiff unilaterally to waive its claim after the effective date of the new rules. [557-558]

Rule 53 (e) (3) of the Massachusetts Rules of Civil Procedure precluded summary judgment under rule 56 in a jury case in which there had been a prior "facts not final" reference to a master where the party in opposition, which had declined to present its evidence before the master, set forth in its affidavit specific facts showing that there was a genuine issue for trial. [558-562]

CONTRACT.    Writ in the Superior Court dated January 18, 1974.

The case was heard by *Meagher,* J., on a master's report. *Robert S. Phillips,* for the defendant, submitted a brief. *John Gazourian* for the plaintiff.

HENNESSEY, C.J.    This case is before us on the defendant Bertonazzi Buick Co., Inc.'s (Bertonazzi Buick), appeal from the granting by a Superior Court judge of summary judgment in favor of the plaintiff Vaught Construction Corporation (Vaught) in an action by Vaught, a general contractor, to recover the balance due and extra charges arising out of a contract between Vaught and Bertonazzi Buick for the construction of a garage building and showroom in Milford, Massachusetts. The action was assigned to a master, the order of reference providing that the facts found by the master were not to be final. The master's report found for the plaintiff Vaught against Bertonazzi Buick in the amount of $49,312.09,[1] and Vaught moved for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974). The judge allowed Vaught's motion.

We are called on in this case to determine the relationship between Mass. R. Civ. P. 53, 365 Mass. 817 (1974), which governs reference to masters and the status of masters' reports in subsequent proceedings and rule 56 which governs motions for summary judgment. We conclude that the judge incorrectly applied the rules here and erroneously entered judgment for Vaught. Nevertheless, we appreciate the judge's probable reasoning that the entry of judgment was appropriate by reason of Bertonazzi Buick's almost total failure to present its evidence before the master. We comment further on this, as an undesirable defense tactic, later in this opinion.

Vaught claimed a jury trial by indorsement on its writ. Its declaration asserted claims in contract and in quantum

---

[1] Vaught brought its action originally against Bertonazzi Buick Co., Inc., and Louis J. Bertonazzi, president and treasurer of the corporation, in his individual capacity. The master's report found for the defendant Louis Bertonazzi, and the trial judge adopted this finding. Only the defendant Bertonazzi Buick Co., Inc., pursues this appeal.

meruit and claimed that $53,140.37 was owed from Bertonazzi Buick to Vaught.

Bertonazzi Buick's answer contained a general denial of all material allegations in Vaught's declaration and alleged failure of substantial performance. Subsequently the case was referred to a master for hearings, findings of fact not to be final. After conducting hearings as ordered, the master filed his report with the court.

The master found that Vaught and Bertonazzi Buick had entered into a written contract for the construction by Vaught of new garage and showroom facilities to be used as business premises by Bertonazzi Buick. Among many subsidiary findings, the master found that Vaught and Bertonazzi Buick had orally agreed that Vaught would provide the necessary gravel fill for the job site and that the $17,071 charge made by Vaught for 7,333 yards of fill delivered in place was a fair and reasonable price. He found that Vaught had substantially performed its obligations under the contract, but he allowed Bertonazzi Buick deductions for the following unfinished work: glass work $300, air conditioning work $300, miscellaneous deficiencies $3,228.28, a total of $3,828.28. He ultimately found that there was a net balance due from Bertonazzi Buick to Vaught in the amount of $49,312.09, calculated on the basis of the original amount found by the master to be owed under the contract and for agreed on extras minus payments already made by Bertonazzi Buick and the credits allowed for unfinished work.

Vaught filed a motion for summary judgment under rule 56 supported by an affidavit by its attorney which stated in part that Bertonazzi Buick had presented no evidence to the master on the issue of liability or damages. Bertonazzi Buick opposed the motion and filed an affidavit of Louis J. Bertonazzi in support of its motion in opposition. That affidavit disputes Vaught's claim of $17,071 for gravel fill, contending that Bertonazzi Buick did not agree to delivery of the fill and that the fill was not an extra under the contract, and reiterates Bertonazzi Buick's contention with respect to failure of substantial performance,

giving examples of alleged negligent and incomplete construction. Bertonazzi Buick also filed a motion to strike the affidavit of Vaught's attorney and to dismiss the motion for summary judgment.

At a hearing on these motions, Vaught offered a stenographic transcript of the proceedings before the master in support of its motion for summary judgment. Counsel for Bertonazzi Buick stated that he had no objection, and the trial judge thereupon received the transcript in evidence. The judge allowed Vaught to withdraw its jury trial claim unilaterally and entered an order which allowed Vaught's motion for summary judgment and entered judgment for Vaught in the amount of $49,312.09. The judge did not weigh the opposing affidavits as required by rule 56, having concluded that he was free to adopt the findings of the master as his own because Vaught had waived its jury trial claim.

Bertonazzi Buick raises three issues in this appeal: (1) Did the judge err in allowing Vaught unilaterally to waive its jury trial claim? (2) Did the judge err in adopting the findings of the master and basing the granting of summary judgment thereon? (3) Did the judge err in denying Bertonazzi Buick's motion to strike the affidavit of Vaught's attorney and to dismiss the motion for summary judgment?

All the actions of the judge which are challenged here were taken after July 1, 1974, the effective date of the new Massachusetts Rules of Civil Procedure, and we must therefore examine those actions in light of the new rules to determine whether the judge ruled in accordance with the letter and spirit of those rules.[2]

---

[2] Massachusetts Rules of Civil Procedure 1A, 365 Mass. 731 (1974), establishes transitional rules for litigation in progress on July 1, 1974. That rule provides in relevant part that "1. Any procedural step taken before July 1 which conformed to then-effective rules ... will be regarded as valid during the pendency of the litigation. 2. Any procedural step taken *after* July 1 to amend or alter any step taken before July 1 will be governed by the new Rules .... 3. All procedure after July 1 with respect to a pending matter in which a procedural step was taken before July 1 will be governed by the new Rules .... 5. Any order in effect on June 30, 1974, pertaining to a master or an auditor will re-

As a preliminary matter, we first consider the question whether the trial judge erred in allowing Vaught unilaterally to waive its jury trial claim. The answer to this question is clearly in the affirmative. Under the transitional rules,[3] Vaught's jury trial claim which was indorsed on its writ was converted to a rule 38 (b) demand as of July 1, 1974, and as of that date the conditions under which the claim could be waived were subject to rules 38 (d) and 39 (a), 365 Mass. 800 and 801 (1974). Rule 38 (d) provides that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."[4] Rule 39 (a) provides that "[w]hen trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless . . . the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury as to some or all of the

---

main in effect thereafter; but further proceedings thereunder shall conform to the new Rules . . . . 6. Any trial or hearing (whether before a jury, a judge, an auditor, or a master) in progress on July 1 shall henceforth be governed by the new Rules. . . . 8. In all jury-waived or equity cases tried before July 1 but in which findings have not been filed by that date, all further proceedings shall conform to the new Rules. . . . 10. When handling litigation in progress on July 1, the trial courts shall interpret these guidelines and the new Rules in such manner as will, by the exercise of sound judicial discretion, ensure justice."

[3] See Mass. R. Civ. P. 1A; note 2 *supra.*

[4] The Reporters' Notes to rule 38 contain the following explanation of the effect of rule 38 (d): "The second sentence of Rule 38 (d) alters prior practice. Under Rule 38 (d) a demand for a trial by jury may not be withdrawn without the consent of the parties. Under former GL c 231, § 60A, any party to the proceedings could waive a jury trial which had been claimed. This presented a possible trap. Suppose P demanded a jury trial within the time permitted by GL c 231, § 60. Relying on P's demand, D did not make a similar demand. Subsequently, after the period set out in § 60, if P waived his jury trial claim, D could subsequently be granted a jury trial only at the court's discretion, not as a matter of right. See Gouzoulas v. F. W. Stock & Sons, 223 Mass. 537, 548 . . . (1916). The approach of Rule 38(d) eliminates this pitfall." Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 75-76 (1974).

issues . . . ." The new rules clearly require consent of all parties to the jury trial waiver, and therefore as of July 1, 1974, Vaught could not withdraw its jury trial claim without the consent of Bertonazzi Buick. It was error for the trial judge to allow the unilateral waiver, and we will consider this case a jury action for the purposes of our consideration of the other issues presented.

We next consider whether a trial judge may allow summary judgment on the basis of a master's report in a jury action. Prior to the adoption of the new rules, reference to masters[5] was governed by statute. G. L. c. 221, § 56, repealed by St. 1975, c. 377, § 17. Under that statute the rule became firmly established that a party did not forfeit his right to trial before either a judge or a jury by assenting to the appointment of a master whose findings of fact were not to be final.[6] *Baldassare* v. *Crown Furniture Co.,* 349 Mass. 183, 190 (1965). *Ott* v. *Comeau,* 297 Mass. 108, 110 (1937). *Lovell* v. *Commonwealth Thread Co.,* 280 Mass. 243, 245-246 (1932). *Solomon* v. *Boylston Nat'l Bank,* 269 Mass. 589, 592 (1930). *Holmes* v. *Hunt,* 122 Mass. 505, 514 (1877). *Allen* v. *Hawks,* 11 Pick. 359, 361-362 (1831). See J.R. Nolan, Civil Practice § 895 (1975). If a valid jury trial claim were in effect, the party against whom the master found would be entitled to present evidence to the jury, even if it were to be no more than the same evidence presented to the master. The master's report, if presented in evidence, was to be taken as prima facie evidence of the facts found. *Leason* v. *Boston Housing Authority,* 352 Mass. 468, 470 (1967). *Baldassare* v. *Crown Furniture Co., supra. Cook* v. *Farm Serv. Stores, Inc.,* 301 Mass. 564, 566-567 (1938). Judgment on the re-

---

[5] For the sake of clarity, we shall use the term "master" throughout. Under our prior practice, "masters" sat only in equity and "auditors" sat only in actions at law. Rule 53 abolishes this distinction and uses the term "master" to refer to all quasi-judicial court appointed fact finders.

[6] Procedural prerequisites for preserving this right were specified by Superior Court rules. See, e.g., former rule 88 of the Superior Court (1954).

port without trial was permissible only in equity or in those actions at law in which the parties agreed that the master's findings of fact would be final or those in which the party seeking trial had failed seasonably to preserve his right to present evidence to judge or jury.

Rule 53 (e) establishes distinctly different roles for masters' reports in jury actions and nonjury actions. With respect to nonjury actions, rule 53 (e) (2) provides that "the court shall accept the master's findings of fact unless clearly erroneous.... Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6 (d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." In jury cases, "[the master's] findings upon the issues submitted to him are admissible as prima facie evidence of the matters found and may be read to the jury, subject to the ruling of the court upon any objections in point of law which may be made to the report." Rule 53 (e) (3). The essential question presented here is whether rule 53 (e) (3) precludes summary judgment under rule 56 in jury cases in which there has been a prior "facts not final" reference to a master.

Rule 53 (e) (3) provides that "[i]n an action to be tried by a jury the master shall not be directed to report the evidence." The master's report will only reflect his findings of fact based on the evidence presented to him. By prior statute and under the new rule 53 (e) (3), the findings of the master may be presented to the jury as prima facie evidence of the facts found.

The meaning of "prima facie" evidence in this context was examined at length in *Cook* v. *Farm Serv. Stores, Inc.*, 301 Mass. 564, 566-567 (1938), and this definition is clearly appropriate in considering the operative effect of rule 53. Prima facie evidence is evidence which is given an "artificial legal force" by the rule and which must be accepted as true by the fact finder until evidence is presented which would warrant a finding to the contrary.

Prima facie evidence is conclusive only if not rebutted. If no evidence is submitted to the jury other than the master's report, the party for whom the master found may be entitled to a directed verdict in his favor.[7] However, while prima facie evidence is given special legal force, it does not by itself establish that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56 (c). Prima facie evidence by definition may be rebutted by contradictory evidence.

In the case now before us, the findings of the master were not to be final. Granting summary judgment on the basis of a master's report would have the effect of transforming a "facts not final" reference into a "facts final" reference without prior agreement of the parties. The finding of a fact by a master does not by itself remove that fact from dispute. Granting summary judgment on the basis of a master's report is analogous to applying the rule 53 (e) (2) procedure in a rule 53 (e) (3) case. To decide a motion for summary judgment merely after a review of the master's report and the stenographic transcript of the master's hearings is to bring the "clearly erroneous" standard of nonjury actions into the jury trial context, a result clearly not intended by the language of rules 53 (e) (2) and 53 (e) (3).

Thus, the judge in this case was entitled to consider the plaintiff Vaught's affidavit and (by agreement of the parties) the transcript of the master's hearing, in support of Vaught's motion for summary judgment.[8] However, the judge was required to consider also the opposing affidavit

[7] We use the word "may" here, rather than "will," because specific findings of fact by the master may, even where no evidence extrinsic of the report is offered, permit the drawing of inference contrary to the ultimate findings of the master. *Cook* v. *Farm Serv. Stores, Inc.,* 301 Mass. 564, 567 (1938). The jury's conclusion as to the amount of damages may also be different from the master's finding. *Sarhanis* v. *Young,* 301 Mass. 571, 572 (1938).

[8] Even without agreement of the parties, relevant portions of the transcript of the proceedings before the master may be appended to the affidavits to demonstrate that a genuine issue does or does not exist.

submitted by Bertonazzi Buick. On review of that opposing affidavit, we conclude that the granting of summary judgment was not appropriate in the case now before us. The master's findings do not conclusively establish that the facts found by him are beyond genuine dispute. The materials submitted by the party in opposition "set forth specific facts showing that there is a genuine issue for trial." Thus, under rule 56 (e), those issues must be submitted to the jury.

The affidavit submitted by Bertonazzi Buick.in support of its motion in opposition to Vaught's motion for summary judgment constitutes a proffer of evidence to contradict the findings of the master and has the effect of a reservation of the right to present evidence to the jury on the disputed issues raised in the affidavit: (1) whether it is liable for the $17,071 which the master found was owing from Bertonazzi Buick to Vaught for gravel fill and (2) the amount of the credits due Bertonazzi Buick for unfinished work. Bertonazzi Buick's affidavit raised the issues of whether the gravel fill was in fact an extra under the contract and whether there had been any agreement between the parties regarding such fill. However, Bertonazzi Buick's affidavit is insufficient to allow its contention of failure of substantial performance to be placed before the jury, resting as it does on conclusory allegations which leave the valuation of the defects alleged by Bertonazzi Buick purely speculative. The affidavit contains no factual allegations to contradict the findings of the master that the value of the deviations was minimal. The conclusory nature of the affidavit does not rise to the specific factual allegations necessary to suggest a valid dispute regarding substantial performance. In view of our conclusions there is no necessity for us to consider Bertonazzi Buick's motion to strike the affidavit of Vaught's attorney and to dismiss the motion for summary judgment.

Undoubtedly there are cases where the initiation of the rule 56 summary judgment procedure, after filing of a master's report in which the findings of fact are not final, will serve useful purposes. The party who prevailed before

the master may, by pursuing such a course, succeed at least in eliminating some issues of fact from a future trial.

Finally, we note that the procedure followed here by Bertonazzi Buick, in declining to present its evidence before the master, is clearly not in the best interests of the public or the adminstration of the courts. Rule 56 (g) provides sanctions against bad faith and wilful delay. General Laws c. 231, §§ 6E-6G, inserted by St. 1976, c. 233, § 1, approved July 8, 1976, similarly penalizes the assertion of frivolous or groundless claims or defenses.[9] Neither of these measures may reach the circumstance where a party simply declines to present evidence, perhaps determinative evidence if believed, before the master. This course partially frustrates the purpose of masters' proceedings at the expense of the public and opposing litigants. Probably consideration should be given to a rule of court which provides a penalty in assessment of costs against such tactics, absent a showing of evidence newly discovered after the hearing before the master, or other mitigating circumstances. Furthermore, failure to present evidence before the master may properly be the subject of cross-examination or argument by counsel.

The judgment for Vaught is vacated. The case is remanded to the Superior Court for further proceedings. A new order as to Vaught's motion for judgment shall be entered consistent with this opinion, and the case, with the issues limited accordingly, shall stand for jury trial.

*So ordered.*

---

[9] As to the effective date of these provisions we note that, while the Legislature inserted an effective date of July 1, 1977, within the terms of the legislation, St. 1976, c. 233, § 3, the Governor nevertheless filed an emergency declaration with respect to these provisions on July 13, 1976.