ARMAND CATALANI *vs.* CECIL ASLANIAN. No. 90-P-971. March 12, 1992. *Evidence*, Prima facie evidence. *District Court*, Removal of case to Superior Court.

This case raises the question whether a District Court judge's finding as to the amount of damages for injuries arising out of a motor vehicle accident is binding on a jury on a retrial in the Superior Court (see G. L. c. 231, § 104). The only evidence adduced in the Superior Court, in addition

to the finding, was the direct testimony of the plaintiff. His testimony included a description of his injuries. The finding for the plaintiff in the District Court was $19,196; the finding of the Superior Court jury for the plaintiff was $10,000.

Claiming error in the denial of his motions for a directed verdict and for judgment notwithstanding the verdict, the plaintiff argues that the defendant failed to rebut the District Court judge's finding of damages. Under G. L. c. 231, § 102C, such finding is prima facie evidence upon the matters put in issue.

Relying on *Forrey* v. *Dedham Taxi, Inc.*, 19 Mass. App. Ct. 955 (1985), the plaintiff urges that mere disbelief of testimony does not constitute evidence contradicting the finding. In the *Forrey* case, the District Court judge's finding was that the plaintiff had incurred reasonable and necessary medical expenses in excess of $500, thus meeting the jurisdictional requirements of G. L. c. 231, § 6D. On the retrial in the Superior Court, the plaintiff was the only witness. In addition to her testimony and the finding of the District Court judge, certified copies of the plaintiff's medical bills and a stipulation concerning additional bills were introduced in evidence. We held that the following instruction, requested by the plaintiff, should have been given: "There being no affirmative evidence that the bills were not necessary or reasonable, the finding of the District Court . . . judge that the bills were fair and reasonable must stand."

The *Forrey* case is inapposite here. In that case, there was no medical expert testimony, a usual requirement for determining the reasonableness of medical bills, to counter the District Court judge's finding and the certified medical bills. See also G. L. c. 233, § 79G. Mere disbelief of the plaintiff's testimony would not, in such circumstances, warrant a different jury finding and thus overcome the prima facie effect of the judge's finding.

In the case at bar, on the other hand, the question for the jury was to determine the amount of money that would compensate the plaintiff for his injuries. "Such a finding cannot be made according to any arithmetical calculation. A proper estimate depends upon sound judgment based largely upon common knowledge." *Sarhanis* v. *Young*, 301 Mass. 571, 572 (1938). *Leason* v. *Boston Hous. Authy.*, 352 Mass. 468, 470-471 (1967). Where, as here, "a description of the injuries, warranting a finding in a different amount, is given in . . . the testimony of witnesses before the jury," the earlier finding of an auditor or of a District Court judge is not binding.[1] *Connelly* v. *Scarpa*, 343 Mass. 771 (1961). See also *Vaught*

---

[1]In a case where matters were referred to an auditor whose report had prima facie effect, see *Cook* v. *Farm Serv. Stores, Inc.*, 301 Mass. 564, 565-566 (1938), the jury were not bound by the auditor's findings as to the amount of damages where the description of the plaintiff's injuries contained in the report warranted a finding of a different amount. In such event, the question of damages was required to be submitted to the jury. *Sarhanis* v. *Young*, 301 Mass. 571, 572 (1938). *Leason*

*Constr. Corp.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 560 n.7 (1976). Contrary to the plaintiff's contention, "[t]his is not a case where the Superior Court judge was required as matter of law to return a finding for the party who prevailed in the District Court unless the opposing party introduces rebutting evidence." *Mongeau* v. *Borlen*, 11 Mass. App. Ct. 1031, 1032 (1981).

                                                   *Judgment affirmed.*

*Douglas L. Fox* for the plaintiff.
*Craig D. Murphy* for the defendant.


_____

v. *Boston Hous. Authy.*, 352 Mass. 468, 470 (1967). See *Dwyer* v. *Piccicuto*, 25 Mass. App. Ct. 910, 911 n.5 (1987), citing to Thirty-Third Report of the Judicial Council, 42 Mass. L.Q. (No. 4) 5, 10-11 (1957), indicating that the decision of the lower court judge was to "operate as an auditor's finding."