Welsh, J.
This is a civil action sounding in tort for negligence, in which plaintiff seeks compensation for personal injuries resulting from a motor vehicle accident in Stoughton.
On the day the case was set for trial, the defendant reiterated and argued a demand for jury trial as claimed in its answer. The judge denied the request and made the following findings with respect to it:
(1) On January 13, 1999, the defendant’s attorney called this court requesting that the above motion be allowed. Trial had been set for January 14,1999 here at the Stoughton District Court. This case was entered in February, 1997. This matter was subsequently set down for pretrial conference on August 19, 1998 and another pretrial conference was set for September 16,1998. The matter was set down for trial for November 5,1998 and again at the request of the parties continued to January 14, 1999.
The court found that at no time during the pendency of the case and particularly at the pretrial conference when the parties customarily manifest an election of a trial by jury was one ever requested by either party. Although the defendant’s answer contained a request for a jury trial, none was pressed at the pretrial conference when the parties customarily initiate such requests. The court found that by not reiterating his jury trial claim, he was deemed to have waived his jury demand. The case was tried and a finding for the plaintiff for $15,000 was entered. Judgment was entered in accordance with the court’s finding. The issue on appeal is whether the defendant properly preserved the right to jury trial and, if so, did he waive that right by subsequent conduct. We are constrained to conclude that the defendant did all that was required to preserve the right to trial by jury and that defendant’s conduct in failing to reiterate the demand for jury trial until the day before trial, however regrettable, was legally insufficient to constitute a waiver of that right. The bench trial that followed was under compulsion of the court’s order and was not acceded to by the defendant. It therefore was a nullity.
1. By virtue of St. 1996, §§2 & 4, the district courts in Norfolk and Middlesex Counties possess exclusive original jurisdiction of civil actions otherwise subject to transfer, retransfer, removal and appeal in which there is no reasonable likelihood that recovery by the plaintiff will exceed $25,000. Section 8 of the Act Establishing a One Trial System for Civil Cases in Norfolk and Middlesex Counties *189 provides that any party may demand a trial by jury of six of any issue triable of right by jury by serving upon the other parties a demand therefor in writing after commencement of the action. Such a demand may be endorsed upon a pleading of the demanding party. CThe defendant’s answer contained such a demand.) Failure to serve and file such a demand in accordance with Rule 38, Mass. R. Civ. P. shall constitute a waiver by that party of trial by jury. Rule 38(a), Mass. R. Civ. P. states that the right to trial by jury as declared by Part 1, Article 15 of the Constitution of this Commonwealth or as given by statute shall be preserved to the parties inviolate. Paragraph (b) provides that a demand for jury trial may be served on the other parties at any time after the commencement of the action and not later than 10 days after service of the last pleading directed to that issue. The defendant has complied with Rule 38, Mass. R. Civ. P., as it relates to the experimental one trial system in Norfolk and Middlesex Counties. Paragraph (d) provides, in substance, that failure to comply with Rule 38 constitutes a waiver. It also provides that a demand for trial by jury made in accordance with the rules may not be withdrawn without the consent of the parties. See Vaught Construction Corp. v. Bertonazzi Buick Co., Inc., 371 Mass. 553, 557-558 (1976). It is clear that not all parties have consented to a withdrawal of the demand for jury trial. Compare Alpert v. Mercury Publishing Co., 272 Mass. 39, 42 (1930) and Gouzoulas v. F.W. Stock & Sons, 223 Mass. 537, 538 (1916). It is also clear that the court had the power to grant as a matter of discretion a motion for jury trial right up to the time of commencement of the trial. Gouzoulas v. F.W. Stock & Sons, supra at 538.
2. A claim seasonably made for trial by jury may be waived by proceeding with a bench trial without objection. Islami v. Needham, 38 Mass. App. Ct. 442, 446 (1995); see Walcott v. O’Connor, 163 Mass. 21, 22 (1895); NOLAN, CIVIL PRACTICE §516 (2d ed. 1992). Although the defendant did proceed with a bench trial, it was over its objection. Since the defendant objected and argued his objection immediately before trial, no waiver by proceeding with trial may be inferred. Laxity by not voicing objection at an earlier stage was a faux pas not to be taken lightly, and such conduct might well have warranted some sanction by the trial court. Yet such failure by counsel is not sufficiently egregious to warrant a forfeiture of the defendant’s right to jury trial demanded seasonably.
There are a few cases which hold that by going to trial rather than relying upon an objection to proceeding to a jury or non-jury trial, the objecting parly cannot be heard to complain. See WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, 2d, §2321, n.10. Illustrative of such cases is United Press Associations v. Charles, 245 F.2d 21 (9th Cir. 1957), a case in which neither party had initially sought a jury trial in the manner presented by the then existing federal rules. After denial of defendant’s motion for a jury trial, the court later reconsidered and entered an order sua sponte for a jury trial. The plaintiff objected to the order, but nonetheless proceeded with a jury trial. After an adverse verdict, the plaintiff appealed, asserting that error was committed in requiring the plaintiff to proceed with a jury trial when he had chosen a bench trial. The court held that plaintiff had a duty to refuse to go to trial before a jury if it had intended to rely upon its objection. Id. at 25. The court relied, in part, on a “harmless error” analysis. Id. at 26. There was a dissenting opinion, assailing the holding that the plaintiff had a duty to refuse to go forward with a trial. Id. at 29-30. The dissenting justice observed, we think correctly, that"... The law does not impose upon a party the dilemma of either refusing to proceed and thus invite a dismissal [or default] or else go ahead at the risk of waiver.” Id. at 30. We agree. Waiver of the fundamental right to a jury trial is never presumed. See Spence v. Reeder, 382 Mass. 398, 411 (1981). The sacrosanct regard for the right to trial by jury in the Commonwealth and the presumption against waiver was not rebutted by the trial judge’s findings respecting *190 implied waiver in this case. See Commissioner of Banks v. Harrigan, 291 Mass. 353, 356 (1935).
The judgment is vacated and the case is remanded for trial by jury.
So ordered.